WEDGEWOOD
Office of the General Counsel
 David M. Poitras, P.C. (SBN 141309)
dpoitras@wedgewood-inc.com
Amelia B. Valenzuela (SBN 320428)
 avalenzuela@wedgewood-inc.com
2015 Manhattan Beach Blvd., #100
Redondo Beach, CA 90278
Telephone:     (310) 640-3070
Facsimile:      (310) 640-3090

*Attorneys for Movant*
*Duke Partners II, LLC*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>KEYHAN MOHANNA,<br><br>    Debtor. | CASE NO.    18-30983<br><br>RS NO.    ABV-1<br><br>Chapter 13<br><br>Date:    October 4, 2018<br>Time:    9:30 p.m.<br>Ctrm:    17<br>Place:    450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102<br><br>Judge:    The Hon. Dennis Montali |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DUKE PARTNERS II, LLC'S MOTION FOR STAY RELIEF, WITH *IN REM* AND PROSPECTIVE RELIEF**

**JURISDICTION**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter within the meaning of 28 U.S.C. § 157(b).

2.    Venue for this matter and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. The real property at issue is generally described as 1405 Greenwich Street, Unit 4, San Francisco, CA 94109 (the "Property"). The Property is residential real property. *See ¶* 3 of the Declaration of Sheri Crandall (the "Crandall Decl.").

4. The prior owner of the Property, Keyhan Mohanna (the "Debtor" or "Prior Owner"), executed a deed of trust against the Property on or about February 13, 2007 to secure payment of a promissory note executed by the Debtor, which deed of trust was recorded in the official records of San Francisco County on February 21, 2007, as Document No.: 2007-I339958-00. *See ¶* 4 of Crandall Decl. A true and correct copy of the Deed of Trust is attached to the Crandall Dec. as Exhibit A.

5. The Debtor defaulted on the payment of the promissory note and in accordance with California Civil Code section 2924 *et seq.* and the deed of trust, notice of default and notice of sale were duly given in accordance with applicable California law. *See ¶¶* 5-9 of Crandall Decl.

6. The Debtor failed to cure the default and on June 26, 2017 Movant purchased the Property at a properly noticed trustee's sale, without actual or constructive notice of any irregularity in the foreclosure sale or of any alleged reinstatement. *See ¶* 9 of Crandall Decl.

7. Movant was not the foreclosing beneficiary and has no relationship to the foreclosing beneficiary other than being the high bidder at the foreclosure sale. *See ¶* 11 of Crandall Decl. A true and correct copy of Movant's Trustee's Deed Upon Sale is attached to the Crandall Decl. as Exhibit E.

9. Movant is a *bona fide* purchaser of the Property for value. *See ¶* 12 of Crandall Decl.

10. After Movant perfected its title in the Property, Movant then filed an unlawful detainer action against Debtor, individually, and as Trustee of the Keyhan Mohanna Revocable Trust, Dated July 8, 2003, and Does 1 through 20, inclusive (the "UD Action"). *See ¶* 13 of Crandall Decl.

11. Upon information and belief, Movant believes that at the time of the trustee's sale, the Debtor was in possession of the Property and remained in possession after the trustee's sale. The Debtor now claims he does not reside in the Property; an allegation which has not been confirmed and Movant seeks to confirm in the UD Action. *See ¶* 14 of Crandall Decl.

12. Prior to filing the UD Action, a *Three Day Notice to Quit* (the "Notice") was prepared

1  by Duke Partners, directed to the Debtor individually and as trustee of his trust as the Debtor and his trust were the trustors under the foreclosed deed of trust. The Notice included the statutory "Notice to Renters" required by California law. *See ¶* 15 of Crandall Decl.

13. No response was received to the Notice, therefore the UD Action was filed. *See ¶* 16 of Crandall Decl.

14. Movant was unable to determine who occupied Unit # 4 at the Property (either the Debtor or someone claiming under him such as a parent, child or roommate), therefore the UD Action was brought against the Debtor and his trust as they were the former owners, and had possession and control of the Property. *See ¶* 17 of Crandall Decl.

15. The Debtor could not be served and an order to post the summons and complaint was obtained. *See ¶* 18 of Crandall Decl.

16. The Debtor filed a motion to quash the service of the summons before it had been served, which motion was denied on August 15, 2017. *See ¶* 19 of Crandall Decl.

17. On September 1, 2017, after the summons and complaint were posted, the Debtor filed another motion to quash. The address used by the Debtor (representing himself *in pro per)* was merely "1405 Greenwich Street." The second motion to quash raised issues of the sufficiency of the notice since the Debtor alleged that third, unidentified, parties resided in the property. The second motion to quash was issued on September 12, 2017. *See ¶* 20 of Crandall Decl.

18. On September 12, 2017, the same day the order denying the second motion to quash was issued, the Debtor, through counsel Nedda Haeri, filed a demurrer to the UD Action. On October 10, 2017, the court's order overruling the demurrer was entered finding that the complaint sufficiently alleges facts to state a claim of unlawful detainer against the former owner of the premises. *See ¶* 21 of Crandall Decl.

19. On October 18, 2017, the Debtor filed his verified answer to the UD Action. *See ¶* 22 of Crandall Decl.

20. On March 13, 2018, Movant filed its Motion for Summary Judgment ("MSJ"). *See ¶* 23 of Crandall Decl.

21. The Debtor filed his opposition to the MSJ. The order overruling the MSJ was filed on May 16, 2018. *See ¶ 24 of Crandall Decl.*

22. On June 1, 2018, Movant's counsel served a notice of taking deposition on the Debtor's counsel. The purpose of the deposition was, among other issues, to obtain the sworn testimony of the Debtor concerning his possession of the unit. *See ¶ 25 of Crandall Decl.*

23. On June 21, 2018, the Debtor's counsel filed a "Notice of Unavailability" stating that the Debtor would be "unavailable from June 18, 2018 to September 1, 2018." *See ¶ 26 of Crandall Decl.*

24. On July 3, 2018, Movant filed its motion to compel the deposition of the Debtor. The motion was granted and an order was prepared by Judge Robertson setting the deposition for August 7, 2018 or allowing the Debtor to continue the deposition to September 10, 2018 upon posting certain funds with the court. The funds were not posted. *See ¶ 27 of Crandall Decl.*

25. At approximately 4 PM on August 6, 2018, counsel for Movant in the UD Action received an email directly from the Debtor stating that he would be representing himself and further that he could not attend the deposition on August 7, 2018 because (1) "my doctor has instructed me that under no circumstances whatsoever am I allowed to enter any legal venues. He asks that we meet at or near CPMC Hospital, on Buchanan Street in San Francisco" and (2) "we have hearings on Aug 7 and Aug 8, and legal obligations on Aug 10, 13 and 14." Later, it turned out the Debtor was not even in the country on August 7, 2018 (he was in Iran).

26. When counsel for Movant arrived at the deposition reporting service on the morning of August 7, 2018, the Debtor's daughter was already seated at the deposition table. She stated her father would not attend the deposition. Accordingly, counsel for Movant made a record of the Debtor's non-appearance.

27. On August 9, 2018, Movant filed its motion for terminating sanctions. The Debtor opposed the motion. *See ¶ 28 of Crandall Decl.*

28. On August 20, 2018, two days prior to the hearing scheduled on the motion for terminating sanctions, the Debtor filed a "Notice of Conveyance of Title and Surrender of Possession" disclaiming any interest in the Property. The document was purportedly signed by the Debtor,

- 4 -

however, the Debtor's daughter had admitted to signing the Debtor's name to documents pursuant to a power of attorney, therefore it was unknown if the Debtor actually intended this document to be true. Thus, the deposition was still required. *See ¶* 29 of Crandall Decl.

29. On May 1, 2018, the Debtor filed a complaint in the U.S. District Court for the Northern District of California, Case No. CV 18-2563 against Carrington Mortgage Services *et al* challenging the enforcement of a deed of trust held by one or more defendants against Unit # 5. On that same day, the Debtor filed an application for a temporary restraining order and preliminary injunction seeking to stall the defendants from foreclosing on and taking possession of Unit # 5. In his declaration in support of the application, the Debtor states:

> "3. My residence and Property is located at 1405 Greenwich Street, San Francisco, CA 94109 ("the Property"). … This is my home and I take pride in what I have developed.
> "8. My Property is my home. … If my Property is taken from me and sold, I will not be able to purchase the exact same Property elsewhere. … My Property is the main source of my income. A loss of any unit would have a devastating effect on my income … ."

*See ¶* 30 of Crandall Decl.

30. On August 28, 2018, the court issued its order granting terminating sanctions but allowing the Debtor one last chance to attend the deposition which the court scheduled for September 6, 2018. The order included the payment of monetary sanctions. As a part of the order, the court also advanced the hearing on a motion for protective order which had been filed by the Debtor through his daughter as his attorney-in-fact, from September 11, 2018 to September 14, 2018. *See ¶* 31 of Crandall Decl.

31. The Debtor's daughter and two other attorneys appeared at the hearing on the motion for protective order. Prior to the hearing, the Debtor's daughter handed Movant's counsel a complaint for malicious prosecution and a complaint against Movant's counsel with the California State Bar Association.

32. On September 5, 2018, the Debtor, through his daughter as his alleged attorney-in-fact, filed an *ex* parte application seeking to allow his daughter to appear and testify at the deposition on the Debtor's behalf. Movant opposed the motion pointing out that an attorney-in fact is not a licensed attorney. *See ¶* 32 of Crandall Decl.

33. The Debtor has not sat for a deposition in the UD Action. *See ¶* 33.

- 5 -
Case: 18-30983   Doc# 19   Filed: 09/18/18   Entered: 09/18/18 14:09:24   Page 5 of 8

34. No judgment has been entered in the UD Action. *See ¶* 34 of Crandall Decl.

35. The Property is also governed by a recorded Declaration of Covenants, Conditions, and Restrictions for 1405 Greenwich Street (as amended, the "<u>HOA Declaration</u>"). *See ¶* 35 of Crandall Decl. A true and correct copy of the First Amendment to the HOA Declaration is attached to the Crandall Dec. as Exhibit F.

36. The Debtor is the head of the HOA. *See ¶* 36 of Crandall Decl.

37. Prior to the Debtor's bankruptcy filing, Movant made several attempts to gain access to the Property. *See ¶* 37 of Crandall Decl.

38. Movant has been unable to access the Property as the Debtor and, by extension, the HOA (which the Debtor controls), have denied Movant access and will not deliver a key to Movant. *See ¶* 38 of Crandall Decl.

39. The Debtor's chapter 13 case was filed on September 5, 2018. *See ¶* 39 of Crandall Decl. By all indications, the bankruptcy petition was not signed by the Debtor (who represents he was in Iran when the petition was signed); rather, the petition was signed "Keyhan Mohanna (by VM, POA)," a signature block which the Debtor's daughter has used regularly to sign legal documents allegedly on behalf of the Debtor pursuant to an alleged Power of Attorney. *Id.* As of the date of this Motion, Debtor has not filed his schedules, statement of financial affairs, or a chapter 13 plan. *Id.* This is the fourth bankruptcy case filed by this Debtor since 2010. *Id.*

40. Pursuant to the Motion, Movant requests entry of an order (i) terminating the automatic stay and to otherwise allow Movant to take any and all steps permitted under applicable state law to obtain possession of the Property and dispose of any and all personal property left at the Property, (ii) granting *in rem* and prospective relief whereby the order granting the Motion will be binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of the Motion without further notice, and (iii) waiving the 14-day stay prescribed by FRBP 4001(a)(3).

**"Cause" for Terminating the Stay**

41. Under 11 U.S.C. § 362(d)(1), a party may seek relief from the automatic stay for "cause." Cause for lifting and/or annulling the automatic stay has no clear definition and is

determined on a case-by-case basis. *See In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166 (9th Cir. 1990). The term "for cause" is construed broadly. *See In re Garber,* 221 F.3d 1347 (9th Cir. 2000). Courts have commonly held that a finding that the bankruptcy case was commenced in bad faith is "cause" for lifting and/or annulling the automatic stay. *See In re Duvar Apt., Inc.,* 205 B.R. 196 (9th Cir. BAP 1996).

42. After Movant recorded its TDUS, the Debtor's legal interest in the Property (if any) was extinguished. *In re Perl*, 811 F.3d 1120, 1128 (9th Cir.), *cert. denied sub nom. Perl v. Eden Place, LLC*, 137 S. Ct. 39, 196 L. Ed. 2d 27 (2016).

43. The Debtor has clearly filed this case only as a mechanism to stall the UD Action and prevent Movant from taking the Debtor's deposition and prosecuting the UD Action to a final judgment.

44. Movant submits that the foregoing facts establish ample cause to terminate the automatic stay. As set forth above, the Debtor filed this bankruptcy case solely in an effort to stay the UD Action. The Debtor has not filed his schedules, statement of financial affairs, or a chapter 13 plan. The Debtor does not have title to the Property and lacks a legal interest in the Property. Movant should be allowed to resume the UD Action so that it may exercise its rights to the Property and obtain possession.

### *In Rem* and/or Prospective Relief is Appropriate Under the Facts of the Case

45. Based upon the prior bankruptcy filings by the Debtor affecting the Property and his actions in the UD Action, Movant requests that any order granting the Motion include a provision that the order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion without further notice. Based upon the prior filings and the bad faith exhibited herein, the Motion seeks *in rem* and/or prospective relief. Movant submits that the relief is appropriate based upon the facts presented, as well as 11 U.S.C. sections 105(a) and 362(d)(4), as further analyzed by the case of *In re 4th Street East Investors, Inc.,* 474 B.R. 709 (Bankr. C.D. Cal. 2012). *See also, In re Vazquez,* 2017 WL 6759067 (Bankr. C.D. Cal. 2017).

46. As set forth above, Movant believes and the record establishes that the relief provided herein should include the *in rem* and prospective relief sought herein.

**CONCLUSION**

Movant prays for relief in accordance with the foregoing, that the stay be annulled for all purposes, that the Court order *in rem* and prospective relief to stop the Prior Owner's bad faith, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DATED: September 18, 2018   WEDGEWOOD
OFFICE OF THE GENERAL COUNSEL


By: */s/ Amelia Valenzuela*
DAVID M. POITRAS
AMELIA B. VALENZUELA
Attorneys for Duke Partners II, LLC