WEDGEWOOD
Office of the General Counsel
David M. Poitras, P.C. (SBN 141309)
dpoitras@wedgewood-inc.com
Amelia B. Valenzuela (SBN 320428)
avalenzuela@wedgewood-inc.com
2015 Manhattan Beach Blvd., #100
Redondo Beach, CA 90278
Telephone:   (310) 640-3070
Facsimile:    (310) 640-3090

*Attorneys for Movant*
*Duke Partners II, LLC*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>KEYHAN MOHANNA,<br><br>                                Debtor. | CASE NO.   18-30983<br><br>RS NO.   ABV-1<br><br>Chapter 13<br><br>Date:   October 4, 2018<br>Time:   9:30 a.m.<br>Ctrm:   17<br>Place:   450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102<br><br>Judge:   The Hon. Dennis Montali |

**DECLARATION OF SHERI CRANDALL IN SUPPORT OF DUKE PARTNERS II, LLC'S MOTION FOR STAY RELIEF, WITH *IN REM* AND PROSPECTIVE RELIEF**

I, Sheri Crandall, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Duke Partners II, LLC's ("Movant") interest in the real property that is the subject of the above Motion in my capacity as an asset manager for Movant.

2. I am an asset manager and custodian of records of Movant as that pertains to the Property (defined below). I have personally worked on the books, records and files, and as to the

1 | following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the times of the events recorded, and are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records of Movant applicable to the Property are available for inspection and copies can be submitted to the Court if required.

3. The real property at issue is generally described as 1405 Greenwich Street, Unit 4, San Francisco, CA 94109 (the "Property"). The Property is residential real property.

4. The prior owner of the Property, Keyhan Mohanna (the "Debtor"), executed a deed of trust against the Property on or about February 13, 2007 to secure payment of a promissory note executed by the Debtor, which deed of trust was recorded in the official records of San Francisco County on February 21, 2007, as Document No.: 2007-I339958-00. A true and correct copy of the DOT is attached hereto as **Exhibit A**.

5. The lender was World Savings Bank, FSB, and the Trustee was Golden West Savings Association Service Co. ("**Golden West**").

6. The DOT was executed by the Debtor as Trustee of the Keyhan Mohanna Revocable Trust Dated July 8, 2003.

7. Plaintiff subsequently defaulted under the DOT, and on December 8, 2014, a Notice of Default was recorded by Cal-Western Reconveyance, LLC, as the agent for the beneficiary, Wells Fargo Bank, N.A., successor by merger to Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB. A true and correct copy of the Notice of Default is attached hereto as **Exhibit B**.

8. On August 17, 2015, a Substitution of Trustee ("**SOT**") was recorded substituting NBS Default Services, LLC as trustee under the DOT. A true and correct copy of the SOT is attached hereto as **Exhibit C**.

9. On May 24, 2017, a Notice of Trustee's Sale ("**NTS**") was recorded, and on June 26, 2017, Movant purchased the Property at a properly noticed trustee's sale, without actual or constructive notice of any irregularity in the foreclosure sale or of any alleged reinstatement. A true and correct copy of the NTS is attached hereto as **Exhibit D**.

10. Movant thereafter perfected its title in the Property by recording a Trustee's Deed Upon Sale ("TDUS"). A true and correct copy of the TDUS is attached hereto as **Exhibit E**.

11. Movant was not the foreclosing beneficiary and has no relationship to the foreclosing beneficiary.

12. Movant is a *bona fide* purchaser of the Property for value.

13. After Movant perfected its title in the Property, Movant then filed an unlawful detainer action against Debtor, individually, and as Trustee of the Keyhan Mohanna Revocable Trust, Dated July 8, 2003, and Does 1 through 20, inclusive (the "UD Action").

14. Upon information and belief, Movant believes that at the time of the trustee's sale, the Debtor was in possession of the Property and remained in possession after the trustee's sale. The Debtor now claims he does not reside in the Property; an allegation which has not been confirmed and Movant seeks to confirm in the UD Action.

15. Prior to filing the UD Action, a *Three Day Notice to Quit* (the "Notice") was prepared by Duke Partners, directed to the Debtor individually and as trustee of his trust as the Debtor and his trust were the trustors under the foreclosed deed of trust. The Notice included the statutory "Notice to Renters" required by California law.

16. No response was received to the Notice, therefore the UD Action was filed.

17. Movant was unable to determine who occupied Unit # 4 at the Property (either the Debtor or someone claiming under him such as a parent, child or roommate), therefore the UD Action was brought against the Debtor and his trust as they were the former owners, and had possession and control of the Property.

18. The Debtor could not be served and an order to post the summons and complaint was obtained.

19. The Debtor filed a motion to quash the service of the summons before it had been served, which motion was denied on August 15, 2017.

20. On September 1, 2017, after the summons and complaint were posted, the Debtor filed another motion to quash. The address used by the Debtor (representing himself *in pro per)* was merely "1405 Greenwich Street." The second motion to quash raised issues of the sufficiency of the notice since the Debtor alleged that third, unidentified, parties resided in the property. The second motion to quash was issued on September 12, 2017.

21. On September 12, 2017, the same day the order denying the second motion to quash was issued, the Debtor, through counsel Nedda Haeri, filed a demurrer to the UD Action. On October 10, 2017, the court's order overruling the demurrer was entered finding that the complaint sufficiently alleges facts to state a claim of unlawful detainer against the former owner of the premises.

22. On October 18, 2017, the Debtor filed his verified answer to the UD Action.

23. On March 13, 2018, Movant filed its Motion for Summary Judgment ("<u>MSJ</u>").

24. The Debtor filed his opposition to the MSJ. The order overruling the MSJ was filed on May 16, 2018.

25. On June 1, 2018, Movant's counsel served a notice of taking deposition on the Debtor's counsel. The purpose of the deposition was, among other issues, to obtain the sworn testimony of the Debtor concerning his possession of the unit.

26. On June 21, 2018, the Debtor's counsel filed a "Notice of Unavailability" stating that the Debtor would be "unavailable from June 18, 2018 to September 1, 2018."

27. On July 3, 2018, Movant filed its motion for compel the deposition of the Debtor. The motion was granted and an order was prepared by the judge, setting the deposition for August 7, 2018 or allowing the Debtor to continue the deposition to September 10, 2018 upon posting certain funds with the court. The funds were not posted.

28. On August 9, 2018, Movant filed its motion for terminating sanctions. The Debtor opposed the motion.

29. On August 20, 2018, two days prior to the hearing scheduled on the motion for terminating sanctions, the Debtor filed a "Notice of Conveyance of Title and Surrender of Possession"

disclaiming any interest in the Property. The document was purportedly signed by the Debtor, however, the Debtor's daughter had admitted to signing the Debtor's name to documents pursuant to a power of attorney, therefore it was unknown if the Debtor actually intended this document to be true. Thus, the deposition was still required.

30. On May 1, 2018, the Debtor filed a complaint in the U.S. District Court for the Northern District of California, Case No. CV 18-2563 against Carrington Mortgage Services *et al* challenging the enforcement of a deed of trust held by one or more defendants against Unit # 5. On that same day, the Debtor filed an application for a temporary restraining order and preliminary injunction seeking to stall the defendants from foreclosing on and taking possession of Unit # 5. In his declaration in support of the application, the Debtor states:

> "3. My residence and Property is located at 1405 Greenwich Street, San Francisco, CA 94109 ("the Property"). … This is my home and I take pride in what I have developed.
> "8. My Property is my home. … If my Property is taken from me and sold, I will not be able to purchase the exact same Property elsewhere. … My Property is the main source of my income. A loss of any unit would have a devastating effect on my income … ."

31. On August 28, 2018, the court issued its order granting terminating sanctions but allowed the Debtor one last chance to attend the deposition which the court scheduled for September 6, 2018. The order included the payment of monetary sanctions. As a part of the order, the court also advanced the hearing on a motion for protective order which had been filed by the Debtor through his daughter as his alleged attorney-in-fact, from September 11, 2018 to September 14, 2018.

32. On September 5, 2018, the Debtor, through his daughter as his alleged attorney-in-fact, filed an *ex* parte application seeking to allow his daughter to appear and testify at the deposition on the Debtor's behalf. Movant opposed the motion pointing out that an attorney-in fact is not a licensed attorney.

33. The Debtor has not sat for a deposition in the UD Action.

34. No judgment has been entered in the UD Action.

35. The Property is also governed by a recorded Declaration of Covenants, Conditions, and Restrictions for 1405 Greenwich Street (as amended, the "**HOA Declaration**"). A true and correct copy of the First Amendment to the HOA Declaration is attached hereto as **Exhibit F**.

36. The Debtor is the head of the HOA.

37. Prior to the Debtor's bankruptcy filing, Movant made several attempts to gain access to the Property.

38. Movant has been unable to access the Property as the Debtor and, by extension, the HOA (which the Debtor controls), have denied Movant access and will not deliver a key to Movant.

39. Debtor's chapter 13 case was filed on September 5, 2018. By all indications, the bankruptcy petition was not signed by the Debtor (who represents he was in Iran when the petition was signed); rather, the petition was signed "Keyhan Mohanna (by VM, POA)," a signature block which the Debtor's daughter has used regularly to sign legal documents allegedly on behalf of the Debtor pursuant to an alleged power of attorney. As of the date of this Motion, Debtor has not filed his schedules, statement of financial affairs, or a chapter 13 plan. This is the fourth bankruptcy case filed by this Debtor since 2010. Specifically:

   a. The Debtor filed a Chapter 7 case on March 1, 2010, Case No. 10-30701 and received a discharge.
   b. The Debtor filed a Chapter 13 case on November 16, 2015, Case No. 15-31425, which was dismissed for failure to file information.
   c. The Debtor filed a Chapter 11 case on April 11, 2016, Case No. 16-30388, which was dismissed on March 9, 2017.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed this 13th day of September 2018 in Redondo Beach, California.

_____
SHERI CRANDALL