WEDGEWOOD
Office of the General Counsel
 David M. Poitras, P.C. (SBN 141309)
dpoitras@wedgewood-inc.com
Amelia B. Valenzuela (SBN 320428)
 avalenzuela@wedgewood-inc.com
2015 Manhattan Beach Blvd., #100
Redondo Beach, CA 90278
Telephone:   (310) 640-3070
Facsimile:    (310) 640-3090

*Attorneys for Duke Partners II, LLC*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>KEYHAN MOHANNA,<br><br>　　　　　　　　　　　Debtor. | CASE NO.　18-30983<br><br>RS NO.　　ABV-1<br><br>Chapter 13<br><br>Hearing on Relief from Stay Motion:<br>Date:　　October 4, 2018<br>Time:　　9:30 a.m.<br>Ctrm:　　17<br>Place:　　450 Golden Gate Avenue<br>　　　　　San Francisco, CA<br>Judge:　　The Hon. Dennis Montali |

**DUKE PARTNERS II, LLC'S OPPOSITION TO DEBTOR'S MOTION/REQUEST FOR CONTINUANCE OF HEARING ON MOTION FOR STAY RELIEF, WITH *IN REM* AND PROSPECTIVE RELIEF, AND REQUEST FOR ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE CONVERTED AND A TRUSTEE APPOINTED**

　　　1.　　Duke Partners II, LLC ("Duke") filed its *Motion for Stay Relief, With In Rem and Prospective Relief* on September 18, 2018 (the "Stay Motion")[Docket No. 19]. The Stay Motion was properly served on the debtor Keyhan Mohanna ("Debtor") and other interested parties on September 18, 2018. The Stay Motion is set for hearing before this Court on October 4, 2018 at 9:30 a.m. Duke refers to and incorporates herein the facts and evidence set forth in the Stay Motion concerning the real property at issue and Debtor's ongoing bad faith concerning the relevant property.

2. Debtor, or someone allegedly acting on behalf of Debtor,[1] has filed a *Motion/Request for Continuance* (the "Motion to Continue")[Docket No. 23]. By the Motion to Continue, Debtor seeks to continue the hearing on the Stay Motion to a date on or after November 8, 2018. For the reasons set forth below, Duke opposes the Motion to Continue.

3. The sole basis for Debtor's request to continue the hearing on the Stay Motion is the allegation that Debtor is currently in Iran "[t]o tend to health and family matters." There is no evidence in the record to support when Debtor might return to the United States. Apparently, the bankruptcy case was filed while Debtor was in Iran. This is simply not a reason for this case to be place on any hiatus until Debtor might be able to prosecute his bankruptcy case.

4. Notwithstanding Debtor's declaration in support of the Motion to continue whereby he asserts under penalty of perjury that he is currently in Iran "[t]o tend to health and family matters," in a declaration dated June 21, 2018, Debtor stated that he would be in Iran between June 18, 2018 and September 1, 2018 "to manage personal business affairs." *See, Notice of Unavailability Re Keyhan Mohanna,* a true copy of which (excluding exhibits) is attached to this Opposition as Exhibit 1. Duke requests that the Court take judicial notice of Debtor's prior declaration attached as Exhibit 1. Thereafter, Debtor represented that he could not attend his deposition in San Francisco in August 2018 "[b]ecause of poor health and heart disease – my doctor has instructed that under no circumstances whatsoever am I allowed to enter any legal venues. He asks that we meet at or near CPMC Hospital, on Buchanan Street in San Francisco." A true copy of Debtor's August 6, 2018 email so stating is attached to this Opposition as Exhibit 2. It is simply not possible to reconcile these differing representations.

5. On August 23, 2018, the Superior Court of California, County of San Francisco, Department 501, issued its *Order Re: 1. Plaintiff's Motion for Terminating Sanctions [and] 2. Defendant's Motion for Discovery Protective Order* (the "Sanctions Order"). A true copy of the

---

[1] Debtor has not signed a single pleading in this case, including but not limited to, the bankruptcy petition. All pleadings, including the bankruptcy petition, and purported declarations of Debtor, have apparently been signed by Debtor's daughter Vivien Mohanna, under a purported power of attorney. No power of attorney is on file in the bankruptcy case. No schedules, statement of affairs or chapter 13 plan are on file in this case.

Sanctions Order is attached to this Opposition as Exhibit 3. Duke requests that the Court take judicial notice of the Sanctions Order. Pursuant to the Sanctions Order, Duke's request for terminating sanctions was granted, but the court stayed part of the order until September 10, 2018, to allow Debtor to comply with his discovery obligations and appear for his duly noticed deposition on September 6, 2018. Debtor then filed a *Petition for Writ* dated September 4, 2018 wherein he represented and advised the appellate court that if the writ staying the Sanctions Order is not granted by September 5, 2018, Debtor "[w]ill be forced to file bankruptcy that afternoon, as I am physically unable to attend deposition at 9am on September 6 since I am in Iran still recovering from a medical procedure. Need a STAY urgently." *See,* paragraph 11 of the Writ. A true copy of the Writ is attached to this Opposition as Exhibit 4. Debtor then, in fact, filed this chapter 13 bankruptcy case in the afternoon on September 5, 2018. Based thereon, it is clear that this bankruptcy was filed for an improper purpose, and not for the reasons Debtor represented to the Court in the Motion to Continue.

6. While it is unclear who is "prosecuting" this chapter 13 bankruptcy case, Debtor or his daughter Vivien Mohanna, Debtor is no stranger to the Bankruptcy Court.

7. Debtor filed his first bankruptcy case in the Northern District of California on March 1, 2010, Case No. 10-30701-HLB ("Case No. 1"). A true and correct copy of the docket from Case No. 1 is attached to this Opposition as Exhibit 5. Duke requests that the Court take judicial notice of Case No. 1.

8. Debtor filed his second bankruptcy case in the Northern District of California on November 16, 2015, Case No. 15-31425-DM ("Case No. 2"). A true and correct copy of the docket from Case No. 2 is attached to this Opposition as Exhibit 6. Duke requests that the Court take judicial notice of Case No. 2.

9. Debtor filed his third bankruptcy case in the Northern District of California on April 11, 2016, Case No. 16-30388-HLB ("Case No. 3"). A true and correct copy of the docket from Case No. 3 is attached to this Opposition as Exhibit 7. Duke requests that the Court take judicial notice of Case No. 3.

10. The present bankruptcy case is Debtor's fourth bankruptcy case in this District. Other than filing a skeletal petition, Debtor has done nothing to prosecute this bankruptcy case. It is clear that Debtor is using the Bankruptcy Court solely to obtain a stay/injunction that he could not otherwise obtain. Duke submits that Debtor is patently abusing the bankruptcy process as a means to cloak himself with the automatic stay whenever he is facing foreclosure or negative consequences concerning pending non-bankruptcy court litigation. Duke submits that this Court can and should put a stop to Debtor's antics, once and for all.

11. Debtor is also no stranger to litigation. Attached to this Opposition as <u>Exhibit 8</u> is a schedule of litigation filed by or against Debtor in various Federal and State courts in California. Duke submits that Debtor is a vexatious litigant who has filed this bankruptcy case to delay adverse rulings in various non-bankruptcy court litigation pending against him, and to otherwise continue to skim rents from properties that that he previously owned but have been foreclosed upon. Any further delay in this case is highly prejudicial to Duke and other creditors and interested parties.

12. The facts of this case show a clear need for one tribunal to oversee the orderly disposition of Debtor's assets and claims, once and for all. Otherwise, the piecemeal litigation and gamesmanship will continue unabated and undeterred.

13. Based upon the foregoing, Duke prays that the Motion to Continue be denied. Duke also requests that the Court issue an Order to Show Cause why this case should not be converted to a chapter 7 or a chapter 11 and a bankruptcy trustee appointed to take possession of Debtor's assets, and to otherwise protect creditors and parties in interest, and the integrity of the bankruptcy process.

Duke prays for relief in accordance with the foregoing and for such other and further relief that the Court may deem just and proper.

Respectfully submitted,

DATED: September 28, 2018  WEDGEWOOD
OFFICE OF THE GENERAL COUNSEL

By: /s/ David M. Poitras
DAVID M. POITRAS
AMELIA B. VALENZUELA
Attorneys for Duke Partners II, LLC