Department of the Treasury

Date of this Letter:  JUL 0 7 2018

Internal Revenue Service
Centralized OIC
PO Box 9011 Stop 682
Holtsville, NY  11742

Person to Contact:

Phone#: (844) 805-4980
08:00am-03:30pm Mon-Fri

Taxpayer ID#:
Offer Number: J

KEYHAN MOHANNA
1595 CLAY STREET APT 8
SAN FRANCISCO, CA 94109

Dear Keyhan Mohanna,

　　We received your Offer in Compromise.  You will be contacted
by 11/04/2018.

　　While investigating your offer, we will determine whether a
notice of federal tax lien should be filed in order to protect
the government's interests.  If we determine to file a notice of
federal tax lien we will provide you with notification within
five days of the filing.  You will have the opportunity to
request a hearing with Appeals at which you may propose
alternative methods for protecting the government's interest.

　　If you have any questions, please contact the person whose
name and telephone number are shown in the upper right hand
corner of this letter.

　　　　　　　　Sincerely,

　　　　　　　　Ms. C. Todd
　　　　　　　　Process Examiner Manager

Enclosure:
Publication 594
Publication 1
Copy of this letter
cc:POA

SB Letter Combination (3-2017)



STATE OF CALIFORNIA
**Franchise Tax Board**
OFFER IN COMPROMISE MS A453
PO BOX 2966
RANCHO CORDOVA CA 95741-2966

Chair **Betty T. Yee** | Member **George Runner** | Member **Michael Cohen**

June 29, 2018

Taxpayer ID(s):



In reference to your client(s), Keyhan Mohanna, the Franchise Tax Board (FTB) has received the request for an Offer in Compromise (OIC). The following item(s) applies to the account:

Within 90 days from the date of this letter, the account will be assigned to an OIC specialist for analysis.

Once this process begins, you will be contacted to discuss the account. In addition, the specialist will examine the offer to ascertain if additional information is required. If it is determined that the amount offered represents the most the FTB can expect to collect within a reasonable period of time, the specialist will prepare a package for departmental approval and you will be asked to forward the amount of the offer. All funds must be certified funds.

The request for funds does not constitute acceptance of the offer. If the offer is denied, you will be notified in writing and all funds will be returned or applied to the account, according to the instructions in the OIC application.

If you have any questions, please call 916.845.4787.

Sincerely,

Ron Gless
Franchise Tax Board
Offer in Compromise Group

Enclosure: FTB 1140

cc: Keyhan Mohanna

Tel 916.845.4787                    ftb.ca.gov

Entered on Docket
January 13, 2014
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

GOLDBERG, STINNETT, DAVIS & LINEHAN
A Professional Corporation
DENNIS D. DAVIS, ESQ. CA Bar 9070591
44 Montgomery Street, Suite 850
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Andrea A. Wirum, Trustee

Signed and Filed: January 10, 2014

HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

KEYHAN MOHANNA,

Debtor.

Case No. 10-30701-HLB

Chapter 7

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM OF WACHOVIA BANK
### (Claim No. 15)

Upon reading and considering the Trustee's Objection to Claim of Wachovia Bank, the Notice of Opportunity for Hearing on Trustee's Objection to Claim of Wachovia Bank, filed herein on October 30, 2013, and the Trustee's Request for Entry of Order by Default Upon Trustee's Objection to Claim of Wachovia Bank, together with the Declaration of Dennis D. Davis in support thereof; and

GOOD CAUSE APPEARING for the entry of the order requested by the Trustee,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Claim No. 15 filed by Wachovia Bank is disallowed.

**END OF ORDER**

-1-

Case: 10-30701   Doc# 229   Filed: 01/10/14   Entered: 01/13/14 12:07:58   Page 1 of 2

1. **Secured Creditor's claim relating to the Property.** At the time of the bankruptcy petition filing, Secured Creditor's claim was in the approximate amount of $910,308.89, including arrearage in the approximate amount of $314,813.65. Secured Creditor's claim is secured by the real property commonly known as 1405 Greenwich St # 4, San Francisco, California 94109 (the "Property"). Secured Creditor is in the process of preparing its Proof of Claim and will file it on or before the Proof of Claim filing deadline of August 10, 2016.

*[Handwritten note:] Wells Fargo never filed claim in BK*

2. Pursuant to 11 U.S.C. §1322(b)(5), the plan fails to provide for the curing of the default on Secured Creditor's claim. Debtor appears to acknowledge her ownership interest in the Property on Schedule A, but fails to acknowledge the consensual liens secured to the subject property and to each unit. The subject property is part of a six-unit building, of which one unit appears to have been foreclosed upon pre-petition. The Debtor does not separately list each unit, nor any debt(s) secured to each unit. According to the plan, Debtor has omitted treatment on any claims. Rather, in a Supplement Declaration attached to the Plan, Debtor states "The Debtor owes nothing to:" and lists a total of 12 entities and items.

However, the arrearage on Secured Creditor's claim is in the approximate amount of $314,813.65. Therefore, Debtor has failed to provide for the curing of the default of $314,813.65. Further, Debtor has failed to provide for the ongoing maintenance payments on Secured Creditor's claim: of $910,308.89, either directly or through Trustee Plan payments. Secured Creditor has satisfied its grounds for objection under 11 U.S.C. §1322(b)(5).

3. Pursuant to 11 U.S.C. §1325(a)(3), the plan is not proposed in good faith. According to the plan, Debtor will make monthly payments of $0.00 for 0 months to the Trustee for a base plan amount of $0.00. Further, according to the Debtor's Schedules, Debtor has a monthly net income of $-64.00. Secured Creditor contends that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors. It is unclear what Debtor's intentions are by the filing of this bankruptcy petition, rather than an attempt to stall and fight a pre-petition foreclosure. Further, the Debtor's proposed plan, schedules, and statements consist of a "face sheet" filing that fails to provide for any creditors or debt reorganization. Secured Creditor has satisfied its grounds for objection under 11 U.S.C. §1325(a)(3).

Case: 18-30983   Doc# 47-1   Filed: 10/16/18   Entered: 10/16/18 15:40:09   Page 4 of 56



## CRiis.com

Access to Public Records
for County Government

Order Home    Contact    APNs Home

**NO ASSIGNMENTS**

## Search Results

### Document List By APN

APN Query Search Results

Criteria: 0523-053

| | | Book-Lot | Record Date | Document | Doc Type |
|---|---|---|---|---|---|
| Show Name Detail | Show APN Detail | 0523-053 | 07/24/2017 | K480051-00 | DEED |
| Show Name Detail | Show APN Detail | 0523-053 | 07/06/2017 | K472860-00 | TRUSTEE DEED |
| Show Name Detail | Show APN Detail | 0523-053 | 06/26/2017 | K469894-00 | MECHANICS LIEN |
| Show Name Detail | Show APN Detail | 0523-053 | 05/24/2017 | K455664-00 | NOTICE OF TRUSTEE SALE |
| Show Name Detail | Show APN Detail | 0523-053 | 05/23/2017 | K455207-00 | DEED IN LIEU OF FORECLOSURE |
| Show Name Detail | Show APN Detail | 0523-053 | 05/11/2017 | K449590-00 | ASSIGNMENT (GEN) |
| Show Name Detail | Show APN Detail | 0523-053 | 04/19/2017 | K435684-00 | MECHANICS LIEN |
| Show Name Detail | Show APN Detail | 0523-053 | 03/24/2017 | K425871-00 | MECHANICS LIEN |
| Show Name Detail | Show APN Detail | 0523-053 | 03/15/2017 | K420990-00 | MODIFICATION OF RESTRICTION |
| Show Name Detail | Show APN Detail | 0523-053 | 04/06/2016 | K227020-00 | NOTICE OF PENDENCY OF ACTION |
| Show Name Detail | Show APN Detail | 0523-053 | 10/26/2015 | K149313-00 | NOTICE OF TRUSTEE SALE |
| Show Name Detail | Show APN Detail | 0523-053 | 09/23/2015 | K135624-00 | MODIFICATION OF RESTRICTION |
| Show Name Detail | Show APN Detail | 0523-053 | 08/17/2015 | K110337-00 | SUBSTITUTION TRUSTEE |
| Show Name Detail | Show APN Detail | 0523-053 | 12/08/2014 | J984686-00 | NOTICE OF DEFAULT |
| Show Name Detail | Show APN Detail | 0523-053 | 11/25/2014 | J980282-01 | DEED OF TRUST |
| Show Name Detail | Show APN Detail | 0523-053 | 11/25/2014 | J980282-02 | ASSIGNMENT OF RENTS |
| Show Name Detail | Show APN Detail | 0523-053 | 11/13/2014 | J971433-00 | SUBSTITUTION TRUSTEE |
| Show Name Detail | Show APN Detail | 0523-053 | 03/02/2007 | I346699-01 | SUBSTITUTION TRUSTEE |
| Show Name Detail | Show APN Detail | 0523-053 | 02/21/2007 | I339958-00 | DEED OF TRUST |
| Show Name Detail | Show APN Detail | 0523-053 | 11/10/2004 | H849310-01 | DEED OF TRUST |
| Show Name Detail | Show APN Detail | 0523-053 | 07/16/2004 | H767433-00 | DEED OF TRUST |
| Show Name Detail | Show APN Detail | 0523-053 | 07/16/2004 | H767385-00 | DEED |
| Show Name Detail | Show APN Detail | 0523-053 | 05/02/2003 | H429165-00 | DEED |

End of Report

ABOUT SSL CERTIFICATES    Copyright © 2015 AtPac    Terms of Use Privacy Policy

ATPAC

10520 New Airport Rd. Suite 101 Auburn, CA 95602

1  Nedda Haeri, Esq.
   (S.B.N. 270270)
2  **ADVENT LAW GROUP**
   8484 Wilshire Blvd. Suite 515
3  Beverly Hills, CA 90211
   Tel:  323-762-8998
4  Fax: 323-908-4026
   neddahaeri@icloud.com
5
   Attorney for Plaintiffs
6  KEYHAN MOHANNA, as an Individual and as
   TRUSTEE OF THE KEYHAN MOHANNA
7  REVOCABLE TRUST DATED JULY 8, 2003;
   And 3H RENOVATION SERVICES, LLC

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**08/10/2018**
Clerk of the Court
BY:CAROL BALISTRERI
Deputy Clerk

8

9            SUPERIOR COURT OF CALIFORNIA
             COUNTY OF SAN FRANCISCO

10

| | |
|---|---|
| 11  KEYHAN MOHANNA, as an Individual, | Case No: CGC-17-562907 |
| 12  and TRUSTEE OF THE KEYHAN MOHANNA REVOCABLE TRUST | *Original Complaint Filed: December 6, 2017* |
| 13  DATED JULY 8, 2003; 3H RENOVATION SERVICES, LLC; DOES 1-100, Inclusive | **FIRST AMENDED COMPLAINT** |
| 14           PLAINTIFFS, | 1.  NEGLIGENCE |
| 15 | 2.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| 16      vs. | 3.  BAD FAITH BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING |
| WELLS FARGO BANK N.A. a | |
| 17  Corporation; DUKE PARTNERS II LLC; NBS DEFAULT SERVICES, and DOES 1 – | 4.  VIOLATION OF UNFAIR BUSINESS PRACTICES §17200 |
| 18  100 | 5.  CONSTRUCTIVE FRAUD |
| 19           DEFENDANTS. | 6.  CONSPIRACY TO DEFRAUD |
| | 7.  TRESPASS TO LAND |
| 20 | 8.  ASSAULT |
| | 9.  BATTERY |
| 21 | 10. ELDER ABUSE |
| 22 | 11. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE |
| 23 | 12. WRONGFUL FORECLOSURE |
| | 13. QUIET TITLE |
| 24 | 14. WRONGFUL EVICTION |

25

26      Plaintiffs, KEYHAN MOHANNA as an Individual and as Trustee of the KEYHAN

27  MOHANNA REVOCABLE TRUST DATED JULY 8, 2003, and 3H RENOVATION

28

ADVENT LAW GROUP
A PROFESSIONAL LAW CORPORATION
8484 Wilshire Blvd., Ste. 515, Beverly Hills, CA 90211

Case: 18-30983    Doc# 47-1    Filed: 10/16/18    Entered: 10/16/18 15:40:09    Page 6 of 56

1   Nedda Haeri, Esq.
    (S.B.N. 270270)
2   **ADVENT LAW GROUP**
    8484 Wilshire Blvd. Suite 515
3   Beverly Hills, CA 90211
    Tel:  323-762-8998
4   Fax: 323-908-4026
    neddahaeri@icloud.com
5
    Attorney for Plaintiffs,
6   3H RENOVATIONS SERVICES, LLC

**FILED**

San Francisco County Superior Court

MAR 1 2 2018

CLERK OF THE COURT

BY: _____
                    Deputy Clerk

7

8              SUPERIOR COURT OF CALIFORNIA
                COUNTY OF SAN FRANCISCO
9

10  3H RENOVATION SERVICES, LLC;          Case No. **CGC-18-564945**
11  DOES 1-10, Inclusive.
                                          VERIFIED COMPLAINT
12          PLAINTIFFS,
                                          1.  NEGLIGENCE
13      vs.                               2.  INTENTIONAL INFLICTION OF
                                              EMOTIONAL DISTRESS
14  BSI FINANCIAL SERVICES, a             3.  VIOLATION OF UNFAIR
    Corporation; FAY SERVICING, LLC;          BUSINESS PRACTICES §17200
15  SKYGROUP, a Corporation; ANH PHAM,    4.  TRESPASS TO LAND
    an Individual; ZIEVE, BRODNAX &       5.  INTENTIONAL INTERFERENCE
16  STEELE, as Trustee,                       WITH PROSPECTIVE ECONOMIC
    THE WOLF FIRM, as Trustee;               ADVANTAGE
17  RECONTRUST, as Trustee;               6.  WRONGFUL FORECLOSURE
    SERVICELINK, a Corporation and ELITE  7.  QUIET TITLE
18  POSTING AND PUBLISHING, a
    Corporation; and DOES 1 – 100, Inclusive.
19
20          DEFENDANTS.
21

22      Plaintiff 3H RENOVATION SERVICES for this Verified Complaint, pleads as follows:
23

24              **PARTIES AND GENERAL ALLEGATIONS**
25  **PLAINTIFF(S):**

26      1.      Plaintiff, 3H RENOVATION SERVICES, LLC, (hereinafter referred to as

27  "3H") was and is at all times relevant herein a Limited Liability Company in California, doing

28

Case: 18-30983   Doc# 47-1   Filed: 10/16/18   Entered: 10/16/18 15:40:09   Page 7 of 56

Scott M. Harris, Bar #220906
Brian Rosales, Bar # 184080
Kevin A. Harris, Bar #201132
HARRIS, ROSALES & HARRIS
351 St. Mary Street
Pleasanton, CA. 94566
(925) 417-8700 (telephone)
(925) 417-8708 (facsimile)

Attorney's for Plaintiff

**FILED**

San Francisco County Superior Court

MAR 0 1 2018

CLERK OF THE COURT

BY_____
Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, SAN FRANCISCO COUNTY

### CIVIL DIVISION

WELLS FARGO BANK, N.A

          Plaintiff

vs.

ALBORZ FUND; 3H RENOVATION
SERVICES, LLC.; and DOES 1 to 50

          Defendants.

CASE NO. **CGC-18-564702**

VERIFIED COMPLAINT FOR QUIET
TITLE

Plaintiff WELLS FARGO BANK, N.A. alleges as follows:

### GENERAL ALLEGATIONS

1.    Plaintiff WELLS FARGO BANK, N.A ("Plaintiff") is, and at all relevant times herein was, a National Banking Association authorized to do business in California with its main office in Sioux Falls, South Dakota.

2.    ALBORZ FUND, entity formation unknown to Plaintiff, claims some right, title, estate, lien, or interest in the hereinafter-described property which is adverse to Plaintiff's title and its claims, and each of them, constitute a cloud on Plaintiff's title to that property.

— 1 —

**Complaint**

3.  3H RENOVATION SERVICES, LLC Is a limited liability company doing business in California and claims some right, title, estate, lien, or interest in the hereinafter-described property which is adverse to Plaintiff's title and its claims, and each of them, constitute a cloud on Plaintiff's title to that property.

4.  The true names and capacities of defendants sued herein as DOES 1 through 50 are unknown to plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's injuries as herein alleged were proximately caused thereby.

5.  Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned, the defendants, and each of them, both named and fictitiously designated, were the agents, servants, employees, and/or joint venturers of the other defendants, and each of them, and were at all times acting within the course and scope of such agency, employment, and/or joint venture relationships, and with the permission and consent of their co-defendants.

## STATEMENT OF FACTS

6.  Plaintiff is the sole owner of fee simple title to the premises commonly known as 1405 Greenwich Street, #1, San Francisco, CA 94109 ("hereinafter referred to as the "subject premises").. The legal description of the subject premises is attached hereto as Exhibit "A".

7.  Plaintiff purchased the subject premises at foreclosure sale on July 25, 2014 and recorded title on August 8, 2014. The basis of Plaintiff's title is the Trustee's Deed Upon Sale recorded on August 8, 2014. A true and correct copy of the Trustee's Deed

— 2 —
**Complaint**

1     Defendant Wells Fargo Bank, N.A.'s ("Defendant") demurrer to Plaintiff Keyhan

2  Mohanna's ("Plaintiff") Complaint came on for hearing in Department 501 of the above-

3  referenced Court on June 25, 2018.

4     Having read and considered Defendant's demurrer to the Complaint, the memoranda filed

5  by the parties, and having heard oral argument of counsel,

6     IT IS HEREBY ORDERED THAT, Defendant's demurrer to the Complaint, and each

7  cause of action therein, is SUSTAINED WITH LEAVE TO AMEND. The complaint is uncertain.

8  (Code Civ. Proc. 430.10, subd. (f).) Plaintiff must state in clear and unambiguous terms (1)

9  whether Wells Fargo Bank was a proper servicer of the subject loans, (2) Plaintiff's standing

10  regarding Unit 4 in light of the transfer of interest prior to the Trustee's sale, and (3) which causes

11  of action are alleged against Wells Fargo Bank. *Plaintiff must file an*

12     IT IS SO ORDERED. *amended complaint by*

13  *August 10, 2018*

14  DATED: _____9/26_____, 2018

15

16               GARRETT L. WONG

17               Judge of the Superior Court

18

19

20

21

22

23

24

25

26

27

28

Case: 18-30983   Doc# 47-1   Filed: 10/16/18   Entered: 10/16/18 15:40:09   Page 10 of 56

1  Nedda Haeri, Esq.
   (S.B.N. 270270)
2  **ADVENT LAW GROUP**
   8484 Wilshire Blvd. Suite 515
3  Beverly Hills, CA 90211
   Tel:  323-762-8998
4  Fax: 323-908-4026
   neddahaeri@icloud.com
5
   Attorney for Defendant,
6  KEYHAN MOHANNA, INDIVIDUALLY
   AND AS TRUSTEE OF THE KEYHAN
7  MOHANNA REVOCABLE TRUST

**F I L E D**
San Francisco County Superior Court

MAY 16 2018

CLERK OF THE COURT
BY: _____
              Deputy Clerk

8              SUPERIOR COURT OF CALIFORNIA
9                  COUNTY OF SAN FRANCISCO
10

11  DUKE PARTNERS II, LLC              Case No:  CUD-17-659243

12          PLAINTIFF,                 [PROPOSED] ORDER PLAINTIFF'S
                                       MOTION FOR SUMMARY JUDGMENT OR
13      vs.                            IN THE ALTERNATIVE SUMMARY
                                       ADJUDICATION
14  KEYHAN MOHANNA, INDIVIDUALLY
    AND AS TRUSTEE OF THE KEYHAN
15  MOHANNA REVOCABLE TRUST            Date: May 16, 2018
    DATED JULY 8, 2003                 Time: 9:30 am
16                                     Dept: 302
            DEFENDANT.
17

18
19
20
21
22
23

24  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

25
26      On May 16, 2018, this matter came for hearing in Department 302 of the above-entitled

27  court located at 400 McAllister Street, San Francisco, California, 94102.

28

_____
       [PROPOSED] ORDER RE MOTION FOR SUMMARY JUDGMENT        Page 1 of 3

Case: 18-30983    Doc# 47-1    Filed: 10/16/18    Entered: 10/16/18 15:40:09    Page 11
                                    of 56

1    Plaintiff Duke Partners II, LLC's motion for summary judgment or, in the alternative,

2    summary adjudication is denied in its entirety. There is a triable dispute whether defendant

3    Keyhan Mohanna is currently in possession of the real property that is the subject of this eviction

4    action. Because the essence of an unlawful detainer action is the recovery of physical possession

5    of real property, Duke Partners' argument that it can proceed on a "constructive possession" theory

6    lacks merit.

7

8        IT IS SO ORDERED.

9

10

11   Dated: May 16, 2018                          _____
                                                  Superior Court Judge
12                                                **HAROLD KAHN**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[PROPOSED] ORDER RE MOTION FOR SUMMARY JUDGMENT                    Page 2 of 3

**ACCOMODATION ONLY**

Recording requested by (name):
McDonut & Koe Kash Title and Escrow Services

When recorded, mail to
and mail tax statements to:
Alborz Fund Management

1555 Park Avenue, Unit-D

Emeryville, CA 94608

Block: 523 Lots: 50,51,52,53,54 and 55

San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC- 2017-K455207-00
Tuesday, MAY 23, 2017 13:28:32
Ttl Pd    $57.00    Rcpt # 0005003043
                    ofa/FT/1-14

Recorder's Use Only

1405 GREENWICH ST. **Deed in Lieu of Foreclosure**

The undersigned declares that the DOCUMETARY TRANSFER TAX is

$   00                              and is

___computed on the full value of the interest or property conveyed: OR IS

_X_ computed on the full value less value of liens or encumbrances remaining

thereon at the time of transfer.

*Chih-Hong ôr*

Signature of Declarant

FOR VALUABLE CONSIDERATION,   receipt of which is hereby acknowledged,

1405 Greenwich Street, HOA, A Trust,        Grantor,

grants to 1275 SHERKAT-EH-SHARGH-VA-GHARB, a general partnership on behalf of Alborz Fund
Management III, a private holding entity,   Grantee, the real property located in the city of   San
Francisco            ,   County of San Francisco, State of   California, described as follows:

See attached Exhibit A, incorporated by reference to this document.

x 1405 GREENWICH ST, HOA

RECORDING REQUESTED BY
McDonut & Kos Kesh Title and
Escrow Services
Accomodation only for Alborz
Fund Management

AND WHEN RECORDED MAIL TO

1555 Park Avenue, Unit D
Emeryville, CA 94608

1405 Greenwich Street, Apt. 1
Block: 523   Lot: 50

San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC- 2017-K488260-00
Monday, JUL 31, 2017 09:54:15
Ttl Pd $211.50    Rcpt # 0005553616
                  aJ1/JL/1-4

Recorder's Use Only

## GRANT DEED

The undersigned declares that the DOCUMENTARY TRANSFER TAX is
$ _____ and is

____ X ____ computed on the full value of the interest or property conveyed; OR IS

_____ computed on the full value less value of liens or encumbrances remaining thereon at the time of sale.

_____
Signature of Declarant

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Alborz Fund _____ Grantor,
grants to

3H Renovation Services _____ grantee, the real property located in ____ San Francisco ____ City and
San Francisco _____ County, California, described as follows:

See attached Exhibit A, incorporated by reference to this document.

_____
ALBORZ FUND

## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA,          )
COUNTY OF_____   )

On_____ before me,_____, (here insert name and title of the officer), personally appeared_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____ (Seal) (See attached form)

RECORDING REQUESTED BY
McDonut & Kos Kesh Title and
Escrow Servies
Accomodation only for Alborz
Fund Management
AND WHEN RECORDED MAIL TO

1555 Park Avenue, Unit D
Emeryville, CA 94608

1405 Greenwich Street, Apt. 2
Block: 523  Lot: 51

San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC- 2017-K489261-00
Monday, JUL 31, 2017 00:54:15
Ttl Pd  $211.50        Rcpt #

Recorder's Use Only

## GRANT DEED

The undersigned declares that the DOCUMENTARY TRANSFER TAX is
$ _____ and is

___X___ computed on the full value of the interest or property conveyed; OR IS

_____ computed on the full value less value of liens or encumbrances remaining thereon at the time of sale.

Signature of Declarant

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Alborz Fund _____ Grantor,

grants to

3H Renovation Services _____ grantee, the real property located in _____ San Francisco _____ city and
_____ San Francisco _____ County, California, described as follows:

See attached Exhibit A, incorporated by reference to this document.

ALBORZ FUND

## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA,                    )
COUNTY OF_____                        )

On_____before me,_____, (here insert name and title of the officer), personally appeared_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____ (Seal)   (See attached form)

RECORDING REQUESTED BY
McDonut & Kos Kesh Title and
Escrow Services
Accomodation only for Alborz
Fund Management
AND WHEN RECORDED MAIL TO

1555 Park Avenue, Unit D
Emeryville, CA 94608

1405 Greenwich Street, Apt. 3
Block: 523  Lot: 52

San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC- 2017-K489262-00
Monday, JUL 31, 2017 09:54:15
Ttl Pd $211.50        Rcpt # 0005053820
oj1/JL/1-4

Recorder's Use Only

## GRANT DEED

The undersigned declares that the DOCUMENTARY TRANSFER TAX is
$ _____171.50_____ and is

__X__ computed on the full value of the interest or property conveyed; OR IS

_____ computed on the full value less value of liens or encumbrances remaining
thereon at the time of sale.

Signature of Declarant

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Alborz Fund _____ Grantor,
grants to

3H Renovation Services _____ grantee, the real property located in _____ San Francisco _____ city and
_____ San Francisco _____ County, California, described as follows:

See attached Exhibit A, incorporated by reference to this document.

ALBORZ FUND

## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to
which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA,          }
COUNTY OF_____     }

On_____ before me,_____ , (here insert name and title of the
officer), personally appeared_____ , who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____ (Seal)    (See attached Form)

RECORDING REQUESTED BY
McDonut & Kos Kesh Title and
Escrow Services
Accomodation only for Alborz
Fund Management
AND WHEN RECORDED MAIL TO
1555 Park Avenue, Unit D
Emeryville, CA 94608

1405 Greenwich Street, Apt. 4
Block: 523 Lot: 53

San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC- 2017-K480051-00
Monday, JUL 24, 2017 14:00:48
Ttl Pd $208.50      Rcpt # 0005639655
                    oar/AB/1-3

3 pp

## GRANT DEED

The undersigned declares that the DOCUMENTARY TRANSFER TAX is
$ 177.50 _____ and is

__x__ computed on the full value of the interest or property conveyed; OR IS

_____ computed on the full value less value of liens or encumbrances remaining
thereon at the time of sale.

Signature of Declarant

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Alborz Fund _____ Grantor,

grants to

3H Renovation Services _____ grantee, the real property located in ___San Francisco___ city and
San Francisco _____ County, California, described as follows:

See attached Exhibit A, incorporated by reference to this document.

*Chih-Hong R*
*Alborz Fund*

## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to
which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA,          )
COUNTY OF_____           )

On_____ before me,_____, (here insert name and title of the
officer), personally appeared_____, who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____ (Seal) (See attached certificate)

RECORDING REQUESTED BY
McDonut & Kos Kesh Title and
Escrow Services
Accomodation only for Alborz
Fund Management
    AND WHEN RECORDED MAIL TO

1555 Park Avenue, Unit D
Emeryville, CA 94608

1405 Greenwich Street, Apt. 5
Block: 523  Lot: 54

San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC- 2017-K488263-00
Monday, JUL 31, 2017 08:04:18
Ttl Pd  $211.50      Rcpt # 0005653021
                          eJ1/JL/1-4

Recorder's Use Only

## GRANT DEED

The undersigned declares that the DOCUMENTARY TRANSFER TAX is
$_____ and is

__x__ computed on the full value of the interest or property conveyed; OR IS

_____ computed on the full value less value of liens or encumbrances remaining
thereon at the time of sale.

Signature of Declarant

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Alborz Fund _____ Grantor,
grants to

3H Renovation Services
_____ grantee,  the real property located in ____ San Francisco ____ city and
San Francisco
_____ County, California, described as follows:

See attached Exhibit A, incorporated by reference to this document.

ALBORZ FUND

CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to
which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA,                )
COUNTY OF_____           )

    On_____ before me, _____ (here insert name and title of the
officer), personally appeared_____, who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____ (Seal)  (See attached form)

RECORDING REQUESTED BY
McDonut & Kos Kesh Title and
Escrow Services
Accomodation only for Alborz
Fund Management
   AND WHEN RECORDED MAIL TO

1555 Park Avenue, Unit D
Emeryville, CA 94608

1405 Greenwich Street, Apt. 6
Block: 523  Lot: 55

Recorder's Use Only

## GRANT DEED

The undersigned declares that the DOCUMENTARY TRANSFER TAX is
$_____197.50_____ and is

__X__ computed on the full value of the interest or property conveyed; OR IS

_____ computed on the full value less value of liens or encumbrances remaining
thereon at the time of sale.

Signature of Declarant

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Alborz Fund _____ Grantor,
grants to

3H Renovation Services _____ grantee, the real property located in _____ San Francisco _____ city and
_____ San Francisco _____ County, California, described as follows:

See attached Exhibit A, incorporated by reference to this document.

ALBORZ FUND

### CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to
which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA,                )
COUNTY OF_____)

On_____before me,_____, (here insert name and title of the
officer), personally appeared_____, who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____ (Seal) (see attached form)

Keyhan Mohanna
1405 Greenwich Street
San Francisco, CA 94109
Tel: 415-823-4882
keyhan6@yahoo.com

Defendant in Pro Per

**FILED**
San Francisco County Superior Court

DEC 15 2016

CLERK OF THE COURT
BY: _____
Deputy Clerk

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN FRANCISCO– CIVIC CENTER COURTHOUSE

| | |
|---|---|
| WELLS FARGO BANK N.A. | Case No: CUD-15-651981 |
| Plaintiff(s) | [PROPOSED] **ORDER** |
| v. | |
| Keyhan Mohanna, as an individual and as TRUSTEE OF THE Keyhan Mohanna REVOCABLE TRUST DATED JULY 8, 2003; DOES 1-10, Inclusive | Hearing Date: November 17, 2016<br>Hearing Time: 9:30 AM<br>Department: 501<br>Judge: Hon. Ronald E. Quidachay |
| Defendants | |

This Court, having considered the Defendant's Brief, Declaration in Support thereof, and having reviewed all inclusive exhibits and attachments filed by Defendant in this matter, hereby rules and ORDERS as follows:

Plaintiff Wells Fargo Bank N.A.'s Motion For Sanctions Regarding Defendant's Compliance With The Court's Order To Compel Defendant and/or Defendant's Agent To Provide Plaintiff's Counsel With A Key To The Front Gate Of The Building and OSC Re: Contempt is **DENIED.**

Plaintiff failed to provide competent evidence of Defendant's non-compliance with the Court's order. Paragraph 7 of Harris's Declaration is not competent, admissible evidence.

Plaintiff's request for a continuance is **DENIED.**

Prevailing party to prepare order in compliance with CRC 3.1312(b).

IT IS SO ORDERED

Dated: _____12/15/16_____

_____
Hon. RONALD E. QUIDACHAY

*Wells Fargo Bank N.A. v. Keyhan Mohanna, et al. —* ORDER

SEE EXHIBIT "A" RE
COMPLIANCE WITH CRC 3.1312    1 of 2

Keyhan Mohanna
1405 Greenwich Street
San Francisco, CA 94109
Tel: 415-823-4882
keyhan6@yahoo.com

Defendant in Pro Per

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO-- CIVIC CENTER COURTHOUSE

| | |
|---|---|
| WELLS FARGO BANK N.A. | Case No: CUD-15-651981 |
| Plaintiff(s) | **DEFENDANT'S (Prevailing Party) SUMMARY PER CRC 3.1312(B)** |
| v. | |
| Keyhan Mohanna, as an individual and as TRUSTEE OF THE Keyhan Mohanna REVOCABLE TRUST DATED JULY 8, 2003; DOES 1-10, Inclusive | Hearing Date: November 17, 2016<br>Hearing Time: 9:30 AM<br>Department: 501<br>Judge: Hon. Ronald E. Quidachay |
| Defendants | |

This Summary was first hand-delivered to this Court, Dept 501, on Monday, November 28, 2016, in compliance with CRC 3.1312(B) per Judge Quidachay's ruling at hearing held on Thursday, November 17, 2016 at 9:30am.

This Summary was again hand-delivered on Weds Dec 14, 2016 alongside the revised proposed order.

Per the ruling of this Court on November 17, 2016: "PREVAILING PARTY TO PREPARE ORDER IN COMPLIANCE WITH CRC 3.1312(B)."

As of today, December 13, 2016, counsel for Plaintiff, Scott Harris, has **NOT** responded to Defendant Keyhan Mohanna with his approval - or disapproval - of the enclosed proposed order which was served upon him pursuant to Rule 3.1312(a).

As the rule states: "**Failure to notify the prevailing party within the time required shall be deemed an approval.**"

On November 21, 2016, which was within the required 5 day period of the ruling, Defendant served by FedEx overnight, a copy of the proposed order to counsel for Plaintiff, Scott Harris at his office located at: 351 St. Mary Street; Pleasanton, CA 94566 (see enclosed photo of FedEx package sent and Proof of Service attached to Proposed Order).

On November 22, 2016, Plaintiff's counsel's office received the FedEx and signed for it upon delivery (see enclosed proof of delivery).

*Wells Fargo Bank N.A. v. Keyhan Mohanna, et al.* – SUMMARY                Page 1 of 2

*Exhibit A*

Case: 18-30983    Doc# 47-1    Filed: 10/16/18    Entered: 10/16/18 15:40:09    Page 21 of 56

Enclosed in this submission is the proposed order prepared by Defendant as prevailing party which mirrors the ruling issued by Judge Quidachay at the hearing on November 17, 2016.

Exact Ruling as shown on Register of Actions:

NOV-17-2016

REAL PROPERTY/HOUSING MOTION 501

PLAINTIFF WELLS FARGO BANK N.A.'S MOTION FOR SANCTIONS REGARDING DEFENDANT'S COMPLIANCE WITH THE COURT'S ORDER TO COMPEL DEFENDANT AND/OR DEFENDANT'S AGENT TO PROVIDE PLAINTIFF'S COUNSEL WITH A KEY TO THE FRONT GATE OF THE BUILDING NO LATER THAN 4:00 PM ON JUL-19-2016 AND OSC RE: CONTEMPT IS **DENIED.**

PLAINTIFF FAILED TO PROVIDE COMPETENT EVIDENCE OF DEFENDANT'S NON-COMPLIANCE WITH THE COURT'S ORDER.

PARAGRAPH 7 OF HARRIS DECLARATION IS NOT COMPETENT ADMISSIBLE EVIDENCE.

PLAINTIFFS REQUEST FOR A CONTINUANCE IS **DENIED.**

PREVAILING PARTY TO PREPARE ORDER IN COMPLIANCE WITH CRC 3.1312(B).

JUDGE: RONALD E. QUIDACHAY; CLERK: J. MURPHY; NOT REPORTED. (501)

Exhibit A

Exhibit A

Case8
CUD-15-651981
Dept. 501
San Francisco

1    There's no -- I have nothing formally that says there's

2    power of attorney or any kind of other presentation.

3          MR. FASANO:  I believe the power of attorney

4    was provided to the Court.

5          THE COURT:  No, it wasn't.  There was nothing

6    provided that was legally admissible with respect to

7    that.  So this is what I'm going to do.  Mr. Mohanna is

8    not here.  I don't think you people have standing, but I

9    want to talk to Ms. Jordan about some things just to see

10   where we are in this case, okay?  Let's see where we

11   are.

12          My first question is -- what has been submitted

13   under penalty of perjury, which I have considered, is

14   this declaration from the defendant who says he's no

15   longer in possession.  So the first question I have is

16   does the plaintiff agree with this?  If that's not

17   contested, I think we can kind of cut this thing short.

18   So that's my first question to you.

19          MS. JACKSON:  Sure.  Okay, your Honor.  The

20   problem we have is that this document that has been

21   filed with the Court that --

22          THE COURT:  The only thing is are you willing

23   to accept it?  If you're not, then I'm going to say

24   we've got a couple choices here.

25          MS. JACKSON:  We're afraid to accept it.  Let's

5

Case: 18-30983   Doc# 47-1   Filed: 10/16/18   Entered: 10/16/18 15:40:09   Page 23 of 56

1 | put it that way.

2 | THE COURT: That's not very helpful.

3 | MS. JACKSON: Well, there are lots of

4 | inconsistencies in Mr. Mohanna's behavior in this case,

5 | and some of it I have here for the Court. I did bring

6 | some exhibits but also just looking at one of the

7 | exhibits that Mr. Mohanna attached to his reply, and

8 | that's --

9 | THE COURT: None of that stuff is admissible,

10 | and I didn't -- I read it all, but I'm not considering

11 | it. It's not evidence.

12 | MS. JACKSON: The reason I'm trying to tell the

13 | Court that we have this problem is this: Mr. Mohanna

14 | asserts that he transferred the property in May of 2017,

15 | yet he attaches a letter that he sent to my client in

16 | July of 2017 that ends with the following: "Please do

17 | not send anyone to the property ever again. We'll be

18 | forced to expose Duke and get a restraining order

19 | against them."

20 | There are other instances where he has shown

21 | his control over the property. He's the president of

22 | the homeowners association. He controls the --

23 | THE COURT: Is that no, you don't accept it?

24 | Look, if you'd accept it, then I would say then why

25 | don't you just dismiss the case if it's not -- if

6

Case: 18-30983   Doc# 47-1   Filed: 10/16/18   Entered: 10/16/18 15:40:09   Page 24 of 56

1  possession is not an issue, you can receive it as a

2  civil action or you can dismiss it.

3         MS. JACKSON:  The problem is we can't get in

4  without the sheriff letting us in.

5         THE COURT:  That's not what I'm asking.  Do you

6  accept it or not?

7         MS. JACKSON:  No.

8         THE COURT:  Thank you.  If you don't, then we

9  have to go to step two.

10         MS. JACKSON:  Okay.

11         THE COURT:  I'm trying to see --

12         MS. JACKSON:  I'm sorry.

13         THE COURT:  I'm just trying to see if we can

14  move this along.

15         MS. JACKSON:  Yes, your Honor.

16         THE COURT:  So we're at step two.  Now, at this

17  point let's assume plaintiff doesn't accept these

18  representations that are in this declaration, then what

19  are we going to do?  Are we going to proceed today for a

20  motion for terminating sanctions?  So is that where you

21  want to go?

22         MS. JACKSON:  Yes, your Honor.  At the last

23  hearing when the -- when Judge Robertson ordered the

24  deposition to take place, he indicated that he was not

25  going to address the issue of sanctions but if the

                                                         7

Case: 18-30983   Doc# 47-1   Filed: 10/16/18   Entered: 10/16/18 15:40:09   Page 25 of 56

1    SUPERIOR COURT OF CALIFORNIA

2    COUNTY OF SAN FRANCISCO

3    DEPARTMENT 501          HONORABLE CHARLES F. HAINES

4

5

     DUKE PARTNERS II, LLC,          ) Case No.
6                                     ) CUD-17-659243
              PLAINTIFF,             )
7                                     ) Volume I
         vs.                          )
8                                     ) Pages 1 - 18
     KEYHAN MOHANNA, INDIVIDUALLY     )
9    AND AS TRUSTEE OF KEYHAN         )
     MOHANNA REVOCABLE TRUST DATED )
10   JULY 8, 2003,                    )
                                      )
11            DEFENDANT.             )
     _____)

12

13

14

15         REPORTER'S TRANSCRIPT OF PROCEEDINGS

16            Tuesday, September 4, 2018

17

18

19   Reported By:

20   KELLY NEWTON, CSR NO. 13849

21   --------------------------------------------------------

22              JAN BROWN & ASSOCIATES

23      WORLDWIDE DEPOSITION & VIDEOGRAPHY SERVICES

24   701 Battery St., 3rd Floor, San Francisco, CA 94111

25            (415) 981-3498 or (800) 522-7096

1               A P P E A R A N C E S

2          PAMELA C. JACKSON, Attorney at Law, 409 Boyd

3    Street, Vacaville, CA  95688, appeared as counsel on

4    behalf of Plaintiff Duke Partners II, LLC.

5    Telephone: (707) 446-2333    Fax: (707) 446-2393

6    Email:  unavailable

7

8          DANIEL M BORNSTEIN, Attorney at Law, of

9    BORNSTEIN LAW, 507 Polk Street, Suite 410, San Francisco,

10   CA  94102, specially appeared as counsel on behalf of

11   Defendants.

12   Telephone: (415) 409-7611    Fax: (415) 463-2349

13   Email: Daniel@bornstein.law

14

15         LAWRENCE W. FASANO, Attorney at Law, of FASANO

16   LAW OFFICE, 201 Mission Street, Floor 12, San Francisco,

17   CA  94105, specially appeared as counsel on behalf of

18   Defendants.

19   Telephone: (415) 432-4401    Fax: (415) 432-4405

20   Email: Fasanolaw130@aol.com

21

22   Also Present:

23         VIVIEN MOHANNA

24

25

                                                         2

JAN BROWN & ASSOCIATES  (415) 981-3498 (800) 522-7096

1    Tuesday, September 4, 2018                10:19 a.m.

2              THE CLERK:  Calling line 6, Duke Partners II,

3    LLC, versus Keyhan Mohanna, Case No. CUD-17-659243.

4              Counsel, please state your appearances.

5              MS. JACKSON:  Good morning, your Honor.  Pamela

6    Jackson for plaintiff.

7              MR. BORNSTEIN:  Daniel Bornstein, special

8    appearing on behalf of defendant.

9              THE COURT:  Didn't you get the order?  I'm not

10   going to permit a special appearance.  The defendant is

11   in pro per.  There's nothing specially to appear.  If

12   you wanted to make a limited -- what's the limited

13   appearance --

14             MS. JACKSON:  Limited scope.

15             THE COURT:  Limited-scope appearance, file it.

16   I told the clerk to let you know so that --

17             MR. BORNSTEIN:  I wasn't informed of that.  I

18   apologize, your Honor.

19             THE COURT:  You weren't here.  That's why you

20   weren't informed.

21             MR. BORNSTEIN:  Would the Court entertain

22   waiving that for just this hearing, and I'll get the

23   limited scope filed after the hearing.

24             THE COURT:  You're appearing for Mr. Mohanna?

25             MR. BORNSTEIN:  That's correct.  There's also

                                                              3

1    another appearance as well.  I just want to point the

2    Court's attention to one very important issue, and then

3    I will keep my mouth shut.

4                THE COURT:  Oh.

5                MR. BORNSTEIN:  May I proceed?

6                THE COURT:  Only if you promise you're going to

7    file that limited scope thing.

8                MR. BORNSTEIN:  I will.

9                THE COURT:  What do you want to tell me?  Wait,

10   let me get your testimony also.

11               MS. MOHANNA:  My name is Vivien Mohanna.  I'm

12   Defendant's daughter and power of attorney.

13               MR. FASANO:  I have filed a limited scope for

14   today only.

15               THE COURT:  Okay.  And I understand that

16   Ms. Mohanna is going to represent her father's interest

17   because she has these -- because she has this power of

18   attorney.  I'm okay with all of that.

19               MS. MOHANNA:  Thank you.

20               THE COURT:  Mr. Bornstein, what did you want to

21   tell me?

22               MR. BORNSTEIN:  The concern I have on behalf of

23   the Defendant is there's already been a notice and

24   document informing the Court and the Plaintiff's counsel

25   that he has given up possession of the premises.

                                                            4

1    It's my understanding, pursuant to the civil

2    code, that once a defendant in an unlawful detainer

3    action gives up possession, the Court loses trial

4    preference, and therefore this matter should be amended

5    to a breach of contract action.  And then any further

6    hearing before the court on discovery matters should be

7    actually on a different timeline.

8         THE COURT:  First question, didn't we cover

9    this, Ms. Jackson, before?

10        MS. JACKSON:  Yes, your Honor.

11        THE COURT:  So I think we've already discussed

12   that.

13        MR. BORNSTEIN:  You asked plaintiff if she

14   voluntarily would dismiss it.  What counsel is now

15   saying is that even if she doesn't voluntarily do so,

16   the defendant is not in possession.  She should not be

17   able to proceed in discovery as if it was an unlawful

18   detainer.

19        THE COURT:  Ms. Jackson?

20        MS. JACKSON:  Thank you, your Honor.  We just

21   have serious questions of where Mr. Mohanna is.  It's

22   like a bouncing ball.

23        THE COURT:  I just need to know, is there some

24   reason that you aren't accepting these representations?

25        MS. JACKSON:  Yes.  Because he has a pending

Case: 18-30077   Filed: 10/16/18   Entered: 10/16/18 18:40:09   Page 30
of 56

1 case against my client for wrongful eviction, we can't

2 evict someone that doesn't live there. That's all we're

3 trying to find out.

4    THE COURT: Hold on. You have to be evicted

5 before you could sue for wrongful eviction, correct?

6    MR. BORNSTEIN: Incorrect. They're apple and

7 oranges --

8    THE COURT: Attempted wrongful eviction.

9    MR. BORNSTEIN: Yes. But it's not unusual for

10 those matters to either occur simultaneously or occur

11 after the fact. But if my client has actually filed

12 that notice informing the Court he's out of possession,

13 possession is no longer at issue, the Court loses its

14 preference and jurisdiction over the matter. And it

15 becomes a standard case which doesn't allow someone to

16 serve a depo notice on five days, so the whole matter

17 should be sort of quieted, down converted to a breach of

18 contract action. She doesn't have to dismiss the case.

19 She merely needs to amend it. This would reduce all of

20 this sort of back and forth and make this a different

21 case in total.

22    THE COURT: I certainly appreciate that;

23 however, my understanding of the posture of the

24 situation right now is Plaintiff's counsel is not

25 willing to accept any of these representations. She

6

Case: 18-30509   Doc# 471   Filed: 10/16/18   Entered: 10/16/18 15:40:09   Page 31 of 56

1    says that -- what I remember from the last time we were

2    here, her position is that "I do not believe he has

3    vacated.  He's still in possession."  She wants to

4    depose him, and presumably I would presume -- I would

5    guess she's going to cover those questions in the

6    deposition.  Anyhow --

7              MS. MOHANNA:  May I speak, your Honor?

8              THE COURT:  Let your attorney speak.

9              MS. MOHANNA:  There's something that I have

10   readily available.  Duke Partners --

11             THE COURT:  Excuse me, I said let your attorney

12   speak for you.  That's why he's here.

13             MR. FASANO:  On the issue of possession, I think

14   the evidence is clear.  Counsel may not want to accept

15   it, but there's been a deed of reconveyance filed, so

16   there's no possession, no interest in this property at

17   all.  When they previously filed a notice, they served a

18   three-day notice on another party, Alborz Fund, who the

19   property was transferred to.  So this property was

20   transferred to Alborz Fund to vacate the property.  That

21   went nowhere.  Now they proceeded against Mr. Mohanna,

22   who is not in possession of the property and doesn't own

23   it.  The mere fact plaintiff doesn't want to accept a

24   deed of reconveyance --

25             THE COURT:  By the way, why are we talking about

7

1    this?  We're not on calendar for this.  Tell me why I

2    should be even listening to this.

3         MR. FASANO:  Because, your Honor, the issue of

4    the properties of proceeding -- the Plaintiff, the

5    manner she is proceeding -- that the plaintiff is

6    proceeding is before you.  Mr. Mohanna is out of the

7    country --

8         THE COURT:  Did anybody submit any opposition on

9    that basis?  I don't think so.  First time I heard about

10   it was this morning a few minutes ago.

11        MS. JACKSON:  Your Honor, if I could, too, I

12   think it's important for the Court to note the timing.

13   The deposition was originally scheduled in June.  This

14   notice of I'm not living there anymore -- and just

15   because somebody doesn't have title doesn't mean they

16   don't live at a place.

17        THE COURT:  Let's not go down the rabbit hole.

18   I know what's going on here.  This is the last chance of

19   the deposition before terminating sanctions, okay?

20        I didn't get any opposition stating that there

21   were some grounds like put forward today.  Counsel for

22   plaintiff is not accepting it and didn't accept it the

23   last time, and I'm not prepared to stop this deposition.

24        Now, based on that issue, what about any other

25   issues?  I understand he has some health issues, right?

8

Case: 18-30923  Doc# 47-1  Filed: 10/16/18  Entered: 10/16/18 15:40:09  Page 33
of 56

Keyhan Mohanna
1595 Clay Street
San Francisco, CA 94109
(415) 823-4882

Defendant KEYHAN MOHANNA
in pro per


ENDORSED
F I L E D
Superior Court of California
County of San Francisco

AUG 20 2018

CLERK OF THE COURT
BY: CAROLYN BALISTRERI
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO -- LIMITED DIVISION

DUKE PARTNERS II, LLC,

    Plaintiff,

    V.

KEYHAN MOHANNA etc., et al., et al.,

    Defendants.

**CASE NO. CUD-17-659243**

**NOTICE OF CONVEYANCE OF TITLE AND SURRENDER OF POSSESSION**

**RE: 1405 GREENWICH ST., UNIT 4 SAN FRANCISCO, CA 94109**

    To Plaintiff DUKE PARTNERS II, LLC, Plaintiff's attorney Pamela C. Jackson, Esq., and all other interested parties:

    PLEASE TAKE NOTICE that on May 23, 2017, Keyhan Mohanna, on behalf of 1405 Greenwich Street, HOA, A Trust, conveyed title to the properties commonly known as 1405 Greenwich Street, Apts 1, 2, 3, 4, 5 and 6, Block: 523, Lots 50, 51, 52, 53, 54 and 55 to 1275 SHERKAT-EH-SHARGH-VA-GHARB, a general partnership on behalf of Alborz Fund Management III, a private holding entity, as evidenced by the attached Deed in Lieu of Foreclosure.

    Simultaneously and concurrent with the recordation of said Deed, said Trustee of the Keyhan Mohanna Revocable Trust dated July 8, 2003, delivered possession of the entire

1

NOTICE OF CONVEYANCE OF TITLE AND SURRENDER OF POSSESSION RE:
1405 GREENWICH ST., UNIT 4, SAN FRANCISCO, CA 94109

building (all six apts) to the legal owner.

Neither Keyhan Mohanna, individually, nor Keyhan Mohanna as the Trustee of The Keyhan Mohanna Revocable Trust dated July 8, 2003, is in possession of any part of said property or any of the six apartments of which it is comprised.

Keyhan Mohanna, individually, has no beneficial or financial interest in the property and therefore lacks authority.

Keyhan Mohanna, as the Trustee of The Keyhan Mohanna Revocable Trust dated July 8, 2003, has no beneficial or financial interest in the property and therefore lacks authority.

Because of the foregoing facts and because Plaintiff completely lacks standing, there is no lawful basis whatsoever for Plaintiff to seek unlawful detainer relief against Defendants or either of them.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 15, 2018, at San Francisco, CA.


Keyhan Mohanna

2

NOTICE OF CONVEYANCE OF TITLE AND SURRENDER OF POSSESSION RE:
1405 GREENWICH ST., UNIT 4, SAN FRANCISCO, CA 94109

Keyhan Mohanna
1595 Clay Street
San Francisco, CA 94109

August 15, 2018

Pamela C. Jackson, Esq.
409 Boyd Street
Vacaville, CA 95688

Dear Ms. Jackson:

Enclosed please find the Notice of Conveyance of Title and Surrender of Possession which I have filed with the Superior Court, indicating that Defendants were not in possession of 1405 Greenwich St., Apt. 4 on the date of the fraudulent/illegal foreclosure sale or thereafter.

The sole purpose of an unlawful detainer action is to obtain possession of real property. Neither of the two Defendants in your unlawful detainer action, San Francisco Superior Court Case Number CUD-17-659243, are in possession of said premises. A voluntary dismissal of your unlawful detainer action is hereby demanded.

Though Duke Partners had been made aware of this fact, it still proceeded to wrongfully name Defendants in this unlawful detainer filed on July 18, 2017. And though the evidence of non-possession has been entered in numerous court filings and discovery for more than a year, you are again made aware per the enclosed Notice of Conveyance of Title and Surrender of Possession.

Accordingly, you and your client have a duty to voluntarily dismiss the unlawful detainer, and if you fail to do so, both of you will be liable for malicious prosecution.

As the California Supreme Court has stated,

> The question presented by this case is whether . . . an attorney may be held liable for malicious prosecution when he commences a lawsuit properly but then continues to prosecute it after learning it is not supported by probable cause. We conclude an attorney may be held

liable for continuing to prosecute a lawsuit discovered to lack probable cause.

*Zamos v. Stroud* (2004) 32 Cal.4th 958, 970.

Continuing an action one discovers to be baseless harms the defendant and burdens the court system just as much as initiating an action known to be baseless from the outset.

*Zamos v. Stroud* (2004) 32 Cal.4th 958, 969.

The term `prosecution' is sufficiently comprehensive to include every step in an action from its commencement to its final determination.

*Ray Wong v. Earle C. Anthony, Inc.* (1926) 199 Cal. 15, 18.

You have litigated this case for over thirteen months and come up empty. Both Defendants were off title and out of possession before the foreclosure sale, and you know it. There is no justification for continuing the unlawful detainer action, and demand is hereby made that you dismiss it on or before Friday, August 31, 2018.

If you fail to do so, I will be forced to conclude that you and your client are maintaining the litigation out of malice, and I will consult legal counsel about suing for malicious prosecution as soon as I prevail in the unlawful detainer.

Yours truly,

Keyhan Mohanna

# Keyhan & Papillon,
## An International Business Consulting Enterprise

Olivia Reyes
Duke Partners II, LLC
2015 Manhattan Beach Blvd, #100
Rodando Beach, CA 90278

July 12, 2017

Re: 1405 Greenwich Street, apt. 4, San Francisco    Block: 523    Lot: 53

Dear Olivia,

Good talking to you. Our attorney is on vacation but I got her OK to write a short note to you.

The entire building (all 6 units) were transferred on May 23, 2017 (see attached). The liens of all cancelled debts (due to failure of creditors to file a valid proof of claim in my bankruptcy) were eliminated at that time. The Trustee's Deed Upon Sale you guys recorded is of no force or value.

We will contact Fidelity as well as the S.F. Recorder's Office to nullify/remove it and put safeguards in place, so it won't happen again.

As far as other claims that we have against our financial institutions, they are a matter of public records and you can check on those.

The frequency of harassment by our financial institutions forced us to install video surveillance system and we are reporting every incident of harassment to local police as well as the FBI.

Please do NOT send anyone to the property ever again. We'll be forced to expose "DUKE" and get a restraining order against him.

Sincerely,

Keyhan Mohanna
CC:   Nedda Haeri, ESQ.
       Larry Fasano, ESQ.

1

190 Funston Ave, The Plaza Level, San Francisco, CA 94121   Tel: (415) 420-1237   Fax: (415) 474-2900

# Transaction History Report
## 1405 Greenwich St #4, San Francisco, CA 94109-0221
APN: 0523-053

San Francisco County Data as of: 04/02/2018

**Current Owner: 3h Renovation Services LLC**

Vesting:
2017 - Present

### LIENS

| Date | Type | Verified | Amount | Borrower(s) | Lender | Loan Type | Type / Term | Rate | Document # |
|------|------|----------|--------|-------------|--------|-----------|-------------|------|------------|
| 10/11/2017 | Trust Deed/Mortgage | | $28,400 | Duke Partners II LLC | Bank Of The West | | | | 2017.524316 |

### CONVEYANCES

| Date | Rec Date | Verified | Price | Type | Title Company | Buyer | Seller | Document # |
|------|----------|----------|-------|------|---------------|-------|--------|------------|
| 02/26/2018 | 02/28/2018 | | | | McDonut & Kosh Kesh Title & | 3h Renovation Services LLC | 3h Renovation Services | 2018.583275 |
| 07/21/2017 | 07/24/2017 | | $35,500 | | Accommodation | 3h Renovation Services | Alborz Fund | 2017.480051 |

## Prior Owner: Duke Partners II LLC
2017 - 2017

### CONVEYANCES

| Date | Rec Date | Verified | Price | Type | Title Company | Buyer | Seller | Document # |
|------|----------|----------|-------|------|---------------|-------|--------|------------|
| 06/26/2017 | 07/06/2017 | | $3,550,000 | Full Value | Accommodation | Duke Partners II LLC | Mohanna Keyhan | 2017.472860 |

## Prior Owner: Mohanna TR
2003 - 2017

### LIENS

| Date | Type | Verified | Amount | Borrower(s) | Lender | Loan Type | Type / Term | Rate | Document # |
|------|------|----------|--------|-------------|--------|-----------|-------------|------|------------|
| 06/02/2017 | Trust Deed/Mortgage | | $4,519,431 | Mohanna Keyhan / The Keyham Mohanna Revocable Trust | KM Hospitality & Transportatio | | | | 2017.459063 |
| 04/06/2016 | Lis Pendens | | | | Wells Fargo BK NA / As | | | | 2016.227020 |
| 11/25/2014 | Trust Deed/Mortgage | | $1,000,000 | Mohanna Keyhan Trust | KM Hospitality & Transportatio | Private Party | | | 2014.980282 |
| 02/21/2007 | Trust Deed/Mortgage | | $618,750 | Mohanna Keyhan Trust | World Savings | Conventional | Var / | | 2007.339958 |
| ^ 12/08/2014 | Notice of Default | | $234,877 | Mohanna Keyhan Trust | World Svgs BK FSB | | | | 2014.984686 |
| ^ 10/26/2015 | Notice Of Sale | | | Mohanna Keyhan Trust | World Svgs BK FSB | | | | 2015.149313 |
| ^ 05/24/2017 | Notice Of Sale | | | | | | | | 2017.455664 |
| 07/16/2004 | Trust Deed/Mortgage | | $500,000 | Mohanna TR | First Republic Bank | Conventional | Var / | | 2004.767433 |
| ^ 03/13/2007 | Release | | | | | | | | 2007.351207 |

### CONVEYANCES

| Date | Rec Date | Verified | Price | Type | Title Company | Buyer | Seller | Document # |
|------|----------|----------|-------|------|---------------|-------|--------|------------|


© 2017 FIRST AMERICAN DATA TREE AND/OR ITS AFFILIATES. ALL RIGHTS RESERVED.   PAGE 1 OF 2

# ACCOMODATION ONLY

Recording requested by (name):
McDonut & Kos Kesh Title and Escrow Services

When recorded, mail to
and mail tax statements to:
Alborz Fund Management

1555 Park Avenue, Unit-D

Emeryville, CA 94608

Block: 523 Lots: 50,51,52,53,54 and 55

San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC- 2017-K455207-00
Tuesday, MAY 23, 2017 13:26:32
Ttl Pd    $57.00    Rcpt # 0005608048
                         ofa/FT/1-14

Recorder's Use Only

*1405 GREENWICH ST.* # Deed in Lieu of Foreclosure

The undersigned declares that the DOCUMETARY TRANSFER TAX is

$____00_____ and is

____ computed on the full value of the interest or property conveyed: OR IS

_X_ computed on the full value less value of liens or encumbrances remaining

thereon at the time of transfer.

Signature of Declarant

FOR VALUABLE CONSIDERATION,   receipt of which is hereby acknowledged,

1405 Greenwich Street, HOA, A Trust,      Grantor,

grants to 1275 SHERKAT-EH-SHARGH-VA-GHARB, a general partnership on behalf of Alborz Fund Management III, a private holding entity,   Grantee, the real property located in the city of__San Francisco_____,   County of San Francisco, State of  California, described as follows:

See attached Exhibit A, incorporated by reference to this document.

*× 1405 GREENWICH St, HOA*

## LEGAL DESCRIPTION

Real property in the City of San Francisco, County of San Francisco, State of California, described as follows:

PARCEL I:

CONDOMINIUM UNIT NO. 1, LOT 50, AS SHOWN UPON THE CONDOMINIUM MAP AND DIAGRAMMATIC FLOOR PLAN ENTITLED "MAP OF 1405 GREENWICH STREET" WHICH WAS FILED FOR RECORD ON DECEMBER 10, 1999 IN PARCEL MAP BOOK 44, AT PAGES 60 TO 65, INCLUSIVE, AND THE "AMENDMENT TO CONDOMINIUM PLAN" RECORDED MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE MAP"), AND AS FURTHER DEFINED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF 1405 GREENWICH STREET HOMEOWNERS ASSOCIATION RECORDED ON MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, OFFICIAL RECORDS OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE DECLARATION").

EXCEPTING THEREFROM, ANY PORTION OF THE COMMON AREA LYING WITHIN SAID UNITS.

EXCEPTING THEREFROM:

(A) EASEMENTS THROUGH SAID UNIT, APPURTENANT TO THE COMMON AREA AND ALL OTHER UNITS, FOR SUPPORT AND REPAIR OF THE COMMON AREA ALL OTHER UNITS.

(B) EASEMENTS, APPURTENANT TO THE COMMON AREA FOR ENCROACHMENT UPON THE AIR SPACE OF THE UNIT BY THOSE PORTIONS OF THE COMMON AREA LOCATED WITHIN THE UNIT.

PARCEL II:

AN UNDIVIDED 100% INTEREST IN AND TO THE COMMON AREA AS SHOWN AND DEFINED ON THE MAP, RESERVING THEREFROM THE FOLLOWING:

(A) EXCLUSIVE EASEMENTS, OTHER THAN PARCEL III, AS DESIGNATED ON THE MAP AND RESERVED BY GRANTOR TO UNITS FOR USE AS DESIGNATED IN THE DECLARATION; AND

(B) NONEXCLUSIVE EASEMENTS APPURTENANT TO ALL UNITS FOR INGRESS AND EGRESS, SUPPORT, REPAIR AND MAINTENANCE

PARCEL III:

(A) THE EXCLUSIVE EASEMENT TO USE THE PARKING AREA(S) DESIGNATED P-1 AND P-2, ON THE HEREINABOVE MENTIONED "AMENDMENT TO CONDOMINIUM PLAN".

PARCEL IV:

A NONEXCLUSIVE EASEMENT APPURTENANT TO PARCEL I ABOVE FOR SUPPORT, REPAIR AND MAINTENANCE, AND FOR INGRESS AND EGRESS THROUGH THE COMMON AREA IN ACCORDANCE WITH CALIFORNIA CIVIL CODE SECTION 1361(A).

PARCEL V:

Case: 18-30983   Doc# 47-1   Filed: 10/16/18   Entered: 10/16/18 15:40:09   Page 41 of 56

ENCROACHMENT EASEMENTS APPURTENANT TO THE UNIT IN ACCORDANCE WITH THE PROVISIONS OF THE DECLARATION.

APN: LOT: 050 BLK: 0523

## LEGAL DESCRIPTION

Real property in the City of San Francisco, County of San Francisco, State of California, described as follows:

PARCEL I:

CONDOMINIUM UNIT NO. 2, LOT 51, INCLUSIVE, AS SHOWN UPON THE CONDOMINIUM MAP AND DIAGRAMMATIC FLOOR PLAN ENTITLED "MAP OF 1405 GREENWICH STREET" WHICH WAS FILED FOR RECORD ON DECEMBER 10, 1999 IN PARCEL MAP BOOK 44, AT PAGES 60 TO 65, INCLUSIVE, AND THE "AMENDMENT TO CONDOMINIUM PLAN" RECORDED MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE MAP"), AND AS FURTHER DEFINED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF 1405 GREENWICH STREET HOMEOWNERS ASSOCIATION RECORDED ON MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, OFFICIAL RECORDS OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE DECLARATION").

EXCEPTING THEREFROM, ANY PORTION OF THE COMMON AREA LYING WITHIN SAID UNIT.

EXCEPTING THEREFROM:

(A) EASEMENTS THROUGH SAID UNIT, APPURTENANT TO THE COMMON AREA AND ALL OTHER UNITS, FOR SUPPORT AND REPAIR OF THE COMMON AREA ALL OTHER UNITS. (B) EASEMENTS, APPURTENANT TO THE COMMON AREA FOR ENCROACHMENT UPON THE AIR SPACE OF THE UNIT BY THOSE PORTIONS OF THE COMMON AREA LOCATED WITHIN THE UNIT.

PARCEL II:

AN UNDIVIDED 1/6% INTEREST IN AND TO THE COMMON AREA AS SHOWN AND DEFINED ON THE MAP, EXCEPTING THEREFROM THE FOLLOWING:

(A) EXCLUSIVE EASEMENTS, OTHER THAN PARCEL III, AS DESIGNATED ON THE MAP AND RESERVED BY GRANTOR TO UNITS FOR USE AS DESIGNATED IN THE DECLARATION; AND

(B) NONEXCLUSIVE EASEMENTS APPURTENANT TO ALL UNITS FOR INGRESS AND EGRESS, SUPPORT, REPAIR AND MAINTENANCE.

PARCEL III:

(A) THE EXCLUSIVE EASEMENT TO USE THE PARKING AREA(S) DESIGNATED P-3, ON THE HEREINABOVE MENTIONED "AMENDMENT TO CONDOMINIUM PLAN".

PARCEL IV:

A NONEXCLUSIVE EASEMENT APPURTENANT TO PARCEL I ABOVE FOR SUPPORT, REPAIR AND MAINTENANCE, AND FOR INGRESS AND EGRESS THROUGH THE COMMON AREA IN ACCORDANCE WITH CALIFORNIA CIVIL CODE SECTION 1361 (A).

PARCEL V:

Case: 18-30983   Doc# 47-1   Filed: 10/16/18   Entered: 10/16/18 15:40:09   Page 43 of 56

ENCROACHMENT EASEMENTS APPURTENANT TO THE UNIT IN ACCORDANCE WITH THE PROVISIONS OF THE DECLARATION.

APN: LOT: 051 BLOCK: 0523

## LEGAL DESCRIPTION

Real property in the City of San Francisco, County of San Francisco, State of California, described as follows:

PARCEL I:

CONDOMINIUM UNIT NO. 3, LOT 52, AS SHOWN UPON THE CONDOMINIUM MAP AND DIAGRAMMATIC FLOOR PLAN ENTITLED "MAP OF 1405 GREENWICH STREET" WHICH WAS FILED FOR RECORD ON DECEMBER 10, 1999 IN PARCEL MAP BOOK 44, AT PAGES 60 TO 65, INCLUSIVE, AND THE "AMENDMENT TO CONDOMINIUM PLAN" RECORDED MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE MAP"), AND AS FURTHER DEFINED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF 1405 GREENWICH STREET HOMEOWNERS ASSOCIATION RECORDED ON MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, OFFICIAL RECORDS OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE DECLARATION").

EXCEPTING THEREFROM, ANY PORTION OF THE COMMON AREA LYING WITHIN SAID UNIT.

EXCEPTING THEREFROM:

(A) EASEMENTS THROUGH SAID UNIT, APPURTENANT TO THE COMMON AREA AND ALL OTHER UNITS, FOR SUPPORT AND REPAIR OF THE COMMON AREA ALL OTHER UNITS.

(B) EASEMENTS, APPURTENANT TO THE COMMON AREA FOR ENCROACHMENT UPON THE AIR SPACE OF THE UNIT BY THOSE PORTIONS OF THE COMMON AREA LOCATED WITHIN THE UNIT.

PARCEL II:

AN UNDIVIDED 1/6% INTEREST IN AND TO THE COMMON AREA AS SHOWN AND DEFINED ON THE MAP, RESERVING THEREFROM THE FOLLOWING:

(A) EXCLUSIVE EASEMENTS, OTHER THAN PARCEL III, AS DESIGNATED ON THE MAP AND RESERVED BY GRANTOR TO UNITS FOR USE AS DESIGNATED IN THE DECLARATION; AND

(B) NONEXCLUSIVE EASEMENTS APPURTENANT TO ALL UNITS FOR INGRESS AND EGRESS, SUPPORT, REPAIR AND MAINTENANCE

PARCEL III:

(A) THE EXCLUSIVE EASEMENT TO USE THE PARKING AREA(S) DESIGNATED P-4, ON THE HEREINABOVE MENTIONED "AMENDMENT TO CONDOMINIUM PLAN".

PARCEL IV:

A NONEXCLUSIVE EASEMENT APPURTENANT TO PARCEL I ABOVE FOR SUPPORT, REPAIR AND MAINTENANCE, AND FOR INGRESS AND EGRESS THROUGH THE COMMON AREA IN ACCORDANCE WITH CALIFORNIA CIVIL CODE SECTION 1361(A).

PARCEL V:

ENCROACHMENT EASEMENTS APPURTENANT TO THE UNIT IN ACCORDANCE WITH THE
PROVISIONS OF THE DECLARATION.

APN: LOT: 052 BLOCK: 0523

## LEGAL DESCRIPTION

Real property in the City of San Francisco, County of San Francisco, State of California, described as follows:

PARCEL I:

CONDOMINIUM UNIT NO. 4, LOT 53, INCLUSIVE, AS SHOWN UPON THE CONDOMINIUM MAP AND DIAGRAMMATIC FLOOR PLAN ENTITLED "MAP OF 1405 GREENWICH STREET," WHICH WAS FILED FOR RECORD ON DECEMBER 10, 1999 IN PARCEL MAP BOOK 44, AT PAGES 60 TO 65, INCLUSIVE, AND THE "AMENDMENT TO CONDOMINIUM PLAN" RECORDED MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE MAP"), AND AS FURTHER DEFINED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF 1405 GREENWICH STREET HOMEOWNERS ASSOCIATION RECORDED ON MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, OFFICIAL RECORDS OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE DECLARATION").

EXCEPTING THEREFROM, ANY PORTION OF THE COMMON AREA LYING WITHIN SAID UNIT.

EXCEPTING THEREFROM:

(A) EASEMENTS THROUGH SAID UNIT, APPURTENANT TO THE COMMON AREA AND ALL OTHER UNITS, FOR SUPPORT AND REPAIR OF THE COMMON AREA ALL OTHER UNITS.

(B) EASEMENTS, APPURTENANT TO THE COMMON AREA FOR ENCROACHMENT UPON THE AIR SPACE OF THE UNIT BY THOSE PORTIONS OF THE COMMON AREA LOCATED WITHIN THE UNIT.

PARCEL II:

AN UNDIVIDED 1/6% INTEREST IN AND TO THE COMMON AREA AS SHOWN AND DEFINED ON THE MAP, RESERVING THEREFROM THE FOLLOWING:

(A) EXCLUSIVE EASEMENTS, OTHER THAN PARCEL III, AS DESIGNATED ON THE MAP AND RESERVED BY GRANTOR TO UNITS FOR USE AS DESIGNATED IN THE DECLARATION; AND

(B) NONEXCLUSIVE EASEMENTS APPURTENANT TO ALL UNITS FOR INGRESS AND EGRESS, SUPPORT, REPAIR AND MAINTENANCE.

PARCEL III:

(A) THE EXCLUSIVE EASEMENT TO USE THE PARKING AREA(S) DESIGNATED P-5, ON THE HEREINABOVE MENTIONED "AMENDMENT TO CONDOMINIUM PLAN".

PARCEL IV:

A NONEXCLUSIVE EASEMENT APPURTENANT TO PARCEL I ABOVE FOR SUPPORT, REPAIR AND MAINTENANCE, AND FOR INGRESS AND EGRESS THROUGH THE COMMON AREA IN ACCORDANCE WITH CALIFORNIA CIVIL CODE SECTION 1361(A).

PARCEL V:

ENCROACHMENT EASEMENTS APPURTENANT TO THE UNIT IN ACCORDANCE WITH THE PROVISIONS OF THE DECLARATION.

APN: LOT: 53 AND BLOCK: 523

## LEGAL DESCRIPTION

Real property in the City of San Francisco, County of San Francisco, State of California, described as follows:

PARCEL I:

CONDOMINIUM UNIT NO. 5, LOT 54, INCLUSIVE, AS SHOWN UPON THE CONDOMINIUM MAP AND DIAGRAMMATIC FLOOR PLAN ENTITLED "MAP OF 1405 GREENWICH STREET" WHICH WAS FILED FOR RECORD ON DECEMBER 10, 1999 IN PARCEL MAP BOOK 44, AT PAGES 60 TO 65, INCLUSIVE, AND THE "AMENDMENT TO CONDOMINIUM PLAN" RECORDED MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE MAP"), AND AS FURTHER DEFINED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF 1405 GREENWICH STREET HOMEOWNERS ASSOCIATION RECORDED ON MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, OFFICIAL RECORDS OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE DECLARATION").

EXCEPTING THEREFROM, ANY PORTION OF THE COMMON AREA LYING WITHIN SAID UNIT.

EXCEPTING THEREFROM:

(A) EASEMENTS THROUGH SAID UNIT, APPURTENANT TO THE COMMON AREA AND ALL OTHER UNITS, FOR SUPPORT AND REPAIR OF THE COMMON AREA ALL OTHER UNITS.

(B) EASEMENTS, APPURTENANT TO THE COMMON AREA FOR ENCROACHMENT UPON THE AIR SPACE OF THE UNIT BY THOSE PORTIONS OF THE COMMON AREA LOCATED WITHIN THE UNIT.

PARCEL II:

AN UNDIVIDED 1/6% INTEREST IN AND TO THE COMMON AREA AS SHOWN AND DEFINED ON THE MAP, RESERVING THEREFROM THE FOLLOWING: (A) EXCLUSIVE EASEMENTS, OTHER THAN PARCEL III, AS DESIGNATED ON THE MAP AND RESERVED BY GRANTOR TO UNITS FOR USE AS DESIGNATED IN THE DECLARATION; AND (B) NONEXCLUSIVE EASEMENTS APPURTENANT TO ALL UNITS FOR INGRESS AND EGRESS, SUPPORT, REPAIR AND MAINTENANCE.

PARCEL III:

(A) THE EXCLUSIVE EASEMENT TO USE THE PARKING AREA(S) DESIGNATED P-6, IN THE HEREINABOVE MENTIONED "AMENDMENT TO CONDOMINIUM PLAN".

PARCEL IV:

A NONEXCLUSIVE EASEMENT APPURTENANT TO PARCEL I ABOVE FOR SUPPORT, REPAIR AND MAINTENANCE, AND FOR INGRESS AND EGRESS THROUGH THE COMMON AREA IN ACCORDANCE WITH CALIFORNIA CIVIL CODE SECTION 1361 (A).

PARCEL V:

ENCROACHMENT EASEMENTS APPURTENANT TO THE UNIT IN ACCORDANCE WITH THE
PROVISIONS OF THE DECLARATION

APN: LOT: 054 BLK: 0523

## LEGAL DESCRIPTION

Real property in the City of San Francisco, County of San Francisco, State of California, described as follows:

PARCEL I:

CONDOMINIUM UNIT NO. 6, LOT 55, INCLUSIVE, AS SHOWN UPON THE CONDOMINIUM MAP AND DIAGRAMMATIC FLOOR PLAN ENTITLED "MAP OF 1405 GREENWICH STREET" WHICH WAS FILED FOR RECORD ON DECEMBER 10, 1999 IN PARCEL MAP BOOK 44, AT PAGES 60 TO 65, INCLUSIVE, AND THE "AMENDMENT TO CONDOMINIUM PLAN" RECORDED MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE MAP"), AND AS FURTHER DEFINED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF 1405 GREENWICH STREET HOMEOWNERS ASSOCIATION RECORDED ON MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, OFFICIAL RECORDS OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE DECLARATION").

EXCEPTING THEREFROM, ANY PORTION OF THE COMMON AREA LYING WITHIN SAID UNIT.

EXCEPTING THEREFROM:

(A) EASEMENTS THROUGH SAID UNIT, APPURTENANT TO THE COMMON AREA AND ALL OTHER UNITS, FOR SUPPORT AND REPAIR OF THE COMMON AREA ALL OTHER UNITS.

(B) EASEMENTS, APPURTENANT TO THE COMMON AREA FOR ENCROACHMENT UPON THE AIR SPACE OF THE UNIT BY THOSE PORTIONS OF THE COMMON AREA LOCATED WITHIN THE UNIT.

PARCEL II:

AN UNDIVIDED 1/6% INTEREST IN AND TO THE COMMON AREA AS SHOWN AND DEFINED ON THE MAP, RESERVING THEREFROM THE FOLLOWING:

(A) EXCLUSIVE EASEMENTS, OTHER THAN PARCEL III, AS DESIGNATED ON THE MAP AND RESERVED BY GRANTOR TO UNITS FOR USE AS DESIGNATED IN THE DECLARATION; AND

(B) NONEXCLUSIVE EASEMENTS APPURTENANT TO ALL UNITS FOR INGRESS AND EGRESS, SUPPORT, REPAIR AND MAINTENANCE.

PARCEL III:

(A) THE EXCLUSIVE EASEMENT TO USE THE PARKING AREA(S) DESIGNATED P-7, ON THE HEREINABOVE MENTIONED "AMENDMENT TO CONDOMINIUM PLAN".

PARCEL IV:

A NONEXCLUSIVE EASEMENT APPURTENANT TO PARCEL I ABOVE FOR SUPPORT, REPAIR AND MAINTENANCE, AND FOR INGRESS AND EGRESS THROUGH THE COMMON AREA IN ACCORDANCE WITH CALIFORNIA CIVIL CODE SECTION 1361 (A).

PARCEL V:

ENCROACHMENT EASEMENTS APPURTENANT TO THE UNIT IN ACCORDANCE WITH THE PROVISIONS OF THE DECLARATION.

APN: LOT: 055 AND BLOCK: 0523

# Nationwide Posting & Publication Inc.
## Property Search Detail

| | |
|---|---|
| Status: | Sold to outside party for: $35,500.00 |
| APN: | 04-0523-053-01 |
| TS Number: | 9551-2994 |
| Sale Date: | 06/26/2017 |
| Sale Time: | 2:00 PM |
| Sale County: | SAN FRANCISCO |
| Property Address: | 1405 GREENWICH ST UNIT #4<br>SAN FRANCISCO, CA 94109 |
| Sale Location: | At the Van Ness Avenue entrance to the City Hall at 400 Van Ness Avenue, San Francisco, CA 94102 |
| Final Bid: | |

# NOTICE OF
# CHANGE OF OWNERSHIP OF PROPERTY

ALBORZ FUND MGMT III
OR Current Occupant
1405 Greenwich Street 4
San Francisco, California 94109

NOTICE IS HEREBY GIVEN that on 6/26/2017 Duke Partners II, LLC, has purchased the property you currently occupy, located at:

1405 Greenwich Street #4
San Francisco, California 94109

Please contact the undersigned at 415-310-4876 as soon as possible.

**WE WOULD LIKE TO WORK WITH YOU TO MAKE THIS AN AMICABLE TRANSITION.**

Dated: July 18, 2017

Natalia Carney
_____
Property Supervisor

---

# AVISO DE
# CAMBIO DE DUEÑO DE PROPIEDAD

ALBORZ FUND MGMT III
O Residente Actual
1405 Greenwich Street 4
San Francisco, California 94109

AVISO que en 6/26/2017 Duke Partners II, LLC ha comprado la propiedad que usted actualmente ocupa, localizada en:

1405 Greenwich Street 4
San Francisco, California 94109

# ⋔ Gmail

---

## Fwd: Mohanna v. Wells Fargo Bank / 1405 Greenwich - Meet and Confer

**Nedda Haeri** <neddahaeri@icloud.com>    Fri, Aug 24, 2018 at 1:39 PM
To: vivienm28@gmail.com

Sent from my iPhone

Begin forwarded message:

> **From:** Elaine Yang <EYang@wedgewood-inc.com>
> **Date:** August 24, 2018 at 1:37:05 PM PDT
> **To:** Nedda Haeri <neddahaeri@icloud.com>
> **Subject: Mohanna v. Wells Fargo Bank / 1405 Greenwich - Meet and Confer**

Ms. Haeri,

Please recall I represent Duke Partners II, LLC ("Duke") in the above-referenced matter. Duke intends to file a Motion to Strike and Demurrer to the First Amended Complaint, and I write to meet and confer. Specifically, the FAC improper adds 3H Renovation Services, LLC as a new plaintiff and adds a new cause of action for conspiracy to defraud without first seeking leave of court. These amendments are outside the scope of permissible amendment, following a demurrer. (See *Harris v. Wachovia Mortg., FSB* (2010) 185 CA4th 1018, 1023, 111 CR3d 20, 23—plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so.) Thus, any allegations relating to 3H and the new cause of action will be stricken.

Additionally, the demurrer generally fails for uncertainty and no substantial changes were made to the violation of business practices, quiet title, wrongful eviction and these claims will fail for the same reasons outlined in Duke's prior demurrer. Similarly, there are no allegations by Mohanna against Duke as to Bad Faith Breach of Implied Covenant of Good Faith and Fair Dealing or any of the causes of action. As to negligence, there is no legal authority supporting a duty by Duke to Mohanna, especially if Mohanna claims to had no interest in the property prior to the sale.

Elaine Yang

Associate General Counsel



WEDGEWOOD

2015 Manhattan Beach Boulevard, Suite 100

Redondo Beach, CA 90278

Office: 310-640-3070 x2438

Fax: 310-730-5967